STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
NAPOLEON WILLIAMS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 10, 1975—Decided April 23, 1975.

Before Judges MICHELS, MORGAN and MILMED.

*Mr. Gary H. Schlyen,* Assistant Prosecutor, argued the cause for the appellant (*Mr. Joseph D. J. Gourley,* Passaic County Prosecutor, attorney).

*Mr. Morris Novick* argued the cause for the respondent.

PER CURIAM. The State appeals from a grant of post-conviction relief.

On March 23, 1964 defendant pleaded guilty to an indictment charging him with maintaining a gambling resort. *N. J. S. A.* 2A:112–3. On May 29, 1964 he was sentenced thereon to the State Prison for a term of one to two years. Execution of the sentence was suspended and he was placed on probation for three years and required to pay a fine of $2,500. The sentence was amended on June 19, 1964 to permit defendant to pay the fine in weekly installments of $20. On July 15, 1966 a charge against him for violation of probation was dismissed and probation was continued until May 29, 1969. *N. J. S. A.* 2A:168–4.

On March 21, 1973 defendant pleaded guilty to a charge that he violated probation in that he (1) failed to report to the probation officer on September 23, 1966 and subsequent dates; (2) failed to keep the probation officer advised as to his whereabouts and activities, and (3) failed to make adequate payments on the fine. He was sentenced to the State Prison for a term of one to two years. The balance of the fine previously imposed upon him ($1,408) was remitted. After his release on parole he filed a petition for post-conviction relief. At the hearing on the petition he contended that the court had no authority to revoke probation and sentence him (on March 21, 1973) to imprisonment. The basis of his claim was that at the time the five-year period of probation had expired and could not be extended since he did not "abscond while under supervision" within the meaning of that term as used in *N. J. S. A.* 2A:168–1.

In regard to the violation of probation proceedings, no claim is made that the due process requirements of *Gagnon v. Scarpelli,* 411 *U. S.* 778, 93 *S. Ct.* 1756, 36 *L. Ed.* 2d 656 (May 14, 1973), were not fulfilled. The single issue here is whether at the time of revocation and imposition of the cus-

todial sentence the trial court had jurisdiction over the defendant as a probationer.

The facts in the case are not in dispute. On September 23, 1966, with more than one-half of the five-year term of probation still remaining, defendant discontinued reporting to his probation officer and failed to keep his probation officer advised as to his whereabouts and activities. Although he was aware of his reporting obligations while on probation, he never informed his probation officer of three changes in residence and one change in employment. In 1966 he changed his residence in the City of Passaic. In 1969 or 1970 he moved to Newark. In 1972 he moved to a new address in the City of Passaic. In 1970 he changed his employment from Wyckoff Cleaners in Wyckoff to Colonial Cleaners in Paterson. Although he knew of his obligation to continue the installment payments on account of the fine imposed upon him, the last payment he made was on February 23, 1967, in the amount of $10, leaving an unpaid balance of $1,408.

On February 27, 1973 a representative of the Passaic County Probation Department noticed defendant's name on a Passaic County trial list indicating that he was scheduled for trial on another criminal charge. He was then charged with violation of probation. When he pleaded guilty to the charge of violation of probation on March 21, 1973, he informed the court, through his attorney, that

* * * he was concerned with his safety and his life because he had testified against four defendants, and he began to move from one residence to another, although he remained in northern New Jersey, Newark and Passaic and this area, immediate area, and because of that fear he stopped reporting to the Probation Office * * * *

At the conclusion of the hearing on the petition for postconviction relief, the trial judge found that there was "no evidence from which the Court could conclude that the defendant had made any conscious effort to avoid legal process"; that "there was no effort made by the Probation Department to seek to ascertain his whereabouts and there

was absolutely no evidence adduced that he was attempting to conceal himself or that he made some conscious effort to absent himself and to defeat the service of process," and that "under the statute, there was no proof that petitioner had absconded." The judge thereupon reversed the judgment imposing the custodial sentence; and ordered the entry of a judgment of "not guilty of violation of probation," holding that the court, on March 21, 1973, had "lost jurisdiction of the probationer."

■ The pertinent provision of *N. J. S. A.* 2A:168–1 reads as follows:

> If any person placed on probation shall abscond while under supervision, the time during which he remains away or hidden shall not be counted as part of his term of probation.

The statute is clear. For the purpose of tolling the running of the term of probation, the phrase "remains away or hidden" is equated with the phrase "asbcond while under supervision."[1]

■ From defendant's plea of guilty to the charge of violation of probation, and from his and his attorney's explanation as to why he failed to comply with the conditions of probation, we are entirely satisfied that he did "abscond while under supervision" within the meaning of that phrase as set forth in *N. J. S. A.* 2A:168–1. He voluntarily remained away, absented himself, from the required supervision by the probation authority. He voluntarily remained hidden thereby avoiding such supervision. Accordingly, the time during which he remained away or hidden is to be tacked on to the term of probation imposed by the court. The court

---

[1] To "abscond" is defined as, among other things, to "withdraw, flee"; "to depart secretly: withdraw and hide oneself"; "to evade the legal process of a court by hiding within or secretly leaving its jurisdiction", *Webster's Third New International Dictionary* (unabridged 1965), and also "To hide, conceal, or absent oneself clandestinely, with the intent to avoid legal process." *Black's Law Dictionary* (4th ed., 1951).

had not, on March 21, 1973, lost jurisdiction of the probationer. Under our interpretation of the above-quoted pertinent statutory provision, the term of probation at the time had more than 2½ years to run.

The requirement that the probationer report periodically to the probation officer and the requirement that he keep the probation officer informed of his place of residence are designed for the benefit of the probationer in promoting a voluntary, successful plan of rehabilitation. See *State v. Moretti*, 50 *N. J. Super.* 223, 231–232 (App. Div. 1958). While a little investigatory work on the part of the probation department would probably have uncovered earlier the whereabouts of defendant, the absence of such investigation provides no sound basis for crediting defendant with time served under supervision where he has admittedly breached his obligation to report and so failed to obtain the benefits of probation supervision. *Cf. Brandt v. Percich*, 507 *S. W.* 2d 951, 957 (Mo. App. 1974).

The judgment of the Passaic County Court of June 19, 1974, reversing the judgment therein of March 21, 1973 and ordering the entry of a judgment of "not guilty of violation of probation," is reversed, and the judgment of March 21, 1973 is reinstated.