**Myrl Clinton ABSHIRE, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. M–76–230.**

Court of Criminal Appeals of Oklahoma.
June 16, 1976.

Dragan D. Petroff, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

Appellant, Myrl Clinton Abshire, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Cleveland County, Case No. CRM-75-1216, for the offense of Driving While Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1971, § 11-902. The jury fixed his punishment at ten (10) days' imprisonment in the County Jail, and from said judgment and sentence an appeal has been perfected to this Court.

Briefly stated, at the trial the evidence presented by the State tended to establish that in the early evening of September 23, 1975, the arresting officer observed defendant committing traffic violations and driving his motor vehicle in an erratic manner upon a roadway in Norman, Cleveland County. Defendant displayed symptoms indicating that he was under the influence of intoxicating liquor, and voluntarily submitted to a breathalyzer test which revealed that the concentration of alcohol within his blood was 0.23% by weight per volume.

Defense testimony was presented tending to establish that defendant did not commit any traffic violations in the presence of the arresting officer, and that the symptoms which caused witnesses for the State to conclude that he was intoxicated were, in fact, attributable to his high blood pressure, a nervous condition and arthritis. However, defendant did admit to having had one drink of bourbon shortly before his arrest. Defendant further contended that he was not informed that he could refuse the breathalyzer test and that he did not voluntarily submit to such testing.

In his sole assignment of error defendant contends that the breathalyzer test results were rendered inadmissible for failure of the State to comply with 47 O.S. 1971, § 752, providing in pertinent part that:

". . . A written report of the results including full information concerning the test or tests taken at the direction of the law enforcement officer *shall be made available* to the subject. . . ." (Emphasis added)

The evidence presented was conflicting as to whether the defendant was furnished a written report of the breathalyzer test results. The officer who administered the test testified that he did place such a report with defendant's personal property at the jail, but the testimony of the jailer indicated that such a report was not included with the personal property released to defendant. (Tr. 81–82 and 114–115)

■ Defendant argues that the foregoing statute mandated that a written report concerning the breathalyzer test results be delivered to him when the test was administered, and does not contend that he was at any time refused such a report. We are of the opinion that this proposition is untenable since the statute requires only that the written report "be made available to the subject," thereby alleviating the necessity for an accused to present a motion for discovery to the trial court. A statute must be held to mean what it plainly expresses and no room is left for construction and interpretation where the language employed is clear and unambiguous. See, *King*

*v. State,* Okl.Cr., 270 P.2d 370 (1954), and *McVicker v. Board of County Com'rs of Co. of Caddo,* Okl., 442 P.2d 297 (1968). Since there is no indication in the record that defendant requested and was denied such a report, we are of the opinion that this assignment of error is wholly without merit.

For the above and foregoing reasons, the judgment and sentence appealed from is, accordingly, *AFFIRMED.*

BRETT, P. J. and BLISS, J., concur.