Roger Dale THOMPSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O-79-88.

Court of Criminal Appeals of Oklahoma.

Nov. 7, 1980.

W. B. Ward, Ada, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Roger Dale Thompson has appealed the revocation of his suspended sentence by the District Court, Pontotoc County, Case No. CRF–73–113. Since this appeal presents jurisdictional and procedural questions and does not involve matters concerning the revocation hearing itself, it is unnecessary to discuss the evidence presented therein.

The appellant was convicted and sentenced on March 1, 1974, to serve four (4) years, with said sentence to be suspended provided he comply with all terms of his probation. On February 28, 1978, one day prior to the expiration of the suspended sentence, an application to revoke the suspended sentence was filed with the District Court. An additional copy of the original application to revoke was filed on March 21, 1978, and the court issued thereon an order for a preliminary hearing. On April 7, 1978, a warrant for the appellant's arrest was issued, which was executed on May 9, 1978. A preliminary hearing was held on May 19, 1978. A revocation hearing was held on July 28, 1978. Sufficient evidence was presented and, consequently, the appellant's suspended sentence was revoked. The appellant has not perfected this appeal.

The appellant alleges that the District Court did not have jurisdiction over him on the date of the hearing and, thus, erred in revoking his suspended sentence. Laws 1976, c. 160, § 2, which was in effect at the time of the revocation, provided:

Whenever a sentence has been suspended by the court after conviction of a person for any crime, the suspended sentence of said person may not be revoked, in whole or in part, for any cause unless a petition setting forth the grounds for such revocation is filed by the district attorney with the clerk of the sentencing court and competent evidence justifying the revocation of said suspended sentence is presented to the court at a hearing to be held for that purpose within ten (10) days after the date of arrest.[1]

The appellant contends that filing a petition for revocation prior to the expiration of a suspended sentence is insufficient to extend the court's jurisdiction beyond that date. He also alleges that it is mandatory that the court issue either an order for hearing or a warrant for arrest prior to the expiration of the suspended sentence in order to extend its jurisdiction.

The appellant admits the statute does not "directly" require the court to do either act. He bases his proposition, however, on the theory of legislative intent. The appellant interprets the ten–day requirement for a hearing after arrest to implicitly compel the immediate action by the court also upon the filing of the petition to revoke.

This is not a viable argument since it requires imposing additional requirements onto a clear and unambiguous statute. In *Abshire v. State*, Okl.Cr., 551 P.2d 273 (1976), this Court stated that a statute must be interpreted according to its plain expression: there is no room for construction or

---

1. The current provision is 22 O.S.Supp.1979, § 991b. The section now allows twenty days for a hearing.

interpretation when the language is clear and unambiguous.

In addition, case law does not mandate the issuance of an order for hearing or a warrant for arrest in order to extend jurisdiction beyond the expiration date of a suspended sentence. As this Court said in *Degraffenreid v. State*, Okl.Cr., 599 P.2d 1107 (1979), the effective date in a revocation proceeding is when the application is filed. And in *Barthiume v. State*, Okl.Cr., 549 P.2d 366 (1976), the application to revoke was held to be timely filed "prior to the expiration of defendant's suspended sentence and thus [extending] the trial court's jurisdiction to proceed until defendant was available for a hearing thereupon." Thus, no reference can be found to anything more being required than the filing of the application to revoke in order that a court may extend its jurisdiction past the date of expiration of the sentence.

The appellant next bases his argument on *Traxler v. State*, 96 Okl.Cr. 231, 251 P.2d 815 (1952), and *Thacker v. Marshall*, Okl.Cr., 331 P.2d 488 (1958), and on 22 O.S.1971, § 152, all of which deal with the limitations on commencing criminal cases. He claims that the cases cited require a warrant to be issued before the statute of limitations may be tolled; but this is not an appropriate analogy nor persuasive line of argumentation, since revocation hearings are not criminal prosecutions. This distinction is noted in 12 O.S.Supp.1978, § 2103 B, ¶ 2, which specifically excludes revocation hearings from the evidentiary rules applicable to criminal prosecutions.

■ The appellant's second contention is that the trial court had no jurisdiction because the State abandoned its timely filed application to revoke when it subsequently filed an identical application after the expiration date of the appellant's suspended sentence. He substantiates his abandonment proposition with the fact that an order for a hearing was issued by the court the same day as the subsequently filed petition, whereas nothing was issued immediately after the first filing.

In *State v. Hultman*, 92 Wash.2d 736, 600 P.2d 1291 (1979), the Washington State Supreme Court allowed the filing of an amended petition to revoke after the probationary period had expired, where the initial petition had been filed before the expiration of that period. In the instant case, the State did not seek to amend but only to file with the court an identical copy of the originally filed application to revoke. The fact the court issued an order for hearing thereon does not invalidate the original filing.

The appellant's arrest warrant for his revocation hearing was not executed until over two months after his suspended sentence had expired. In *Avance v. Mills*, Okl. Cr., 495 P.2d 828 (1972), this Court held that once jurisdiction is extended beyond the expiration of the suspended sentence it necessarily follows that it is incumbent upon the State to exercise due diligence in obtaining the presence of the defendant before the court for the purpose of a revocation hearing. In the instant case, the record gives no indication as to the reason for the delay. On the other hand, the delay is minimal and has not been questioned by the appellant. It thus does not provide a basis for reversal. However, it does provide a reason for reminding the State of its obligation to act with due diligence, in the interest of fundamental fairness, in obtaining the presence of the defendant for a revocation hearing.

The order of the District Court revoking the appellant's suspended sentence is *AFFIRMED*.

CORNISH, P. J., and BUSSEY, J., concur.