235 N.J. Super. 291 (1989)
562 A.2d 236
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PHILIP DECHRISTINO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 13, 1989.
Decided July 26, 1989.
*293 Before Judges DREIER, HAVEY and BROCHIN.
Al Glimis, Assistant Deputy Public Defender, argued the cause for appellant (Alfred A. Slocum, Public Defender, attorney; Al Glimis of counsel and on the brief).
Patricia B. Quelch, Assistant Prosecutor, argued the cause for respondent (John Kaye, Monmouth County Prosecutor, attorney; Mark P. Stalford, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by BROCHIN, J.S.C. (temporarily assigned).
On October 12, 1982, defendant Philip DeChristino pleaded guilty to third degree theft and to third degree burglary. He was sentenced to pay $400 in fines, $100 in Violent Crimes Compensation Board penalties and $28 in courts costs, and to serve five years' probation conditioned on making restitution of $5,581.56, payable $75 per month. His sentence date was November 12, 1982, and his period of probation was therefore scheduled to end no later than November 12, 1987. See N.J.S.A. 2C:45-2a.
On April 4, 1988, nearly five months after the date on which defendant's probation was scheduled to end, he was served with a notice of arraignment for violation of probation. He was charged with violating his probation by (1) absconding from probation on April 25, 1983; (2) failing to pay the restitution, fine, Violent Crimes Compensation Board penalty and court costs which had been ordered by the court at the time he was sentenced; (3) failing to report a change of address; and (4) conviction in Montana on February 29, 1984, of obtaining a controlled dangerous substance by fraud and in Pennsylvania on January 22, 1988, of possession of a firearm by a felon. Defendant pleaded guilty to violating probation as charged, and he was sentenced to two concurrent four-year terms of imprisonment and to pay $100 to the Violent Crimes Compensation Board.
*294 Defendant appealed his conviction of violation of probation, alleging that the sentence was excessive and that the sentencing court lacked the legal authority to revoke his probation because his probationary term had expired before he was noticed for a violation. The appeal first came before us on our excessive sentence calendar. We ruled at that time that because of the particular facts of this case, further incarceration of the defendant was an abuse of discretion. We ordered that the defendant be released forthwith from incarceration, placed on probation, and directed to comply with the terms and conditions of his 1982 probation, including payment of the fine, penalty and obligation of restitution as originally imposed. We retained jurisdiction to decide the remaining issue posed by defendant, whether or not the trial court had jurisdiction under N.J.S.A. 2C:45-2c to extend or revoke his probation. For the following reasons we now hold that for a reasonable time after the expiration of the original term of probation, the court had the power to extend defendant's probation, but not to revoke it and incarcerate him for violations of probation for which he was not noticed within the original term.[1]
The defendant relies upon N.J.S.A. 2C:45-2c for the proposition that "upon the termination of the period of ... [his] probation" by the expiration of the five-year term which was imposed, he was "relieved of any obligations ... and shall have satisfied his sentence ..." He also contends that N.J.S.A. *295 2C:45-3 means that his probation could be revoked, if at all, only "At any time before ... the termination of the period of ... probation."
The State argues that the period of the defendant's probation was tolled after he absconded and while he was absent from the State. For that proposition, it cites State v. Williams, 133 N.J. Super. 481 (App. Div.), certif. den. 69 N.J. 80 (1975). In addition, it relies on the clause of N.J.S.A. 2C:45-2c which creates an exception to the termination of a probationer's obligations; i.e., "... except that this subsection shall not apply if the defendant has failed to ..." pay his fine or restitution. Since the defendant admittedly has not paid the fine and the restitution obligation which were imposed, the State contends that the probationary period may be extended for an additional five-year period and, during that extension, that it may revoke defendant's probation for the violations which he committed in the initial period.
Both the State and the defendant appear to agree that a proceeding for the revocation of probation must be commenced, if at all, prior to the expiration of the period of probation. We concur. That was the holding of this court construing a prior statute whose language, insofar as this issue is concerned, was similar to N.J.S.A. 2C:45-3a. See State v. Gibson, 156 N.J. Super. 516, 526-531 (App.Div. 1978) (construing N.J.S.A. *296 2A:168-1 which read, "At any time during the probation period the court may issue a warrant and cause the probationer to be arrested for violating any of the conditions of his probation ..."). Furthermore, the applicable court rule is even clearer than the statute. It says, "At any time before termination of the period of suspension or probation, the court may revoke a suspension or probation pursuant to N.J.S.A. 2C:45-3." R. 3:21-7.
Whether or not defendant's probation could be revoked by a proceeding commenced more than five years after the commencement of the probation term therefore depends upon whether the period of probation was either tolled or extended. We disagree with the State's tolling argument. State v. Williams, supra, which held that a probation term would be extended by the time that the probationer remained away or in hiding, is inapposite because it was based upon a provision of N.J.S.A. 2A:168-1 which reads:
"If any person placed on probation shall abscond while under supervision, the time during which he remains away or hidden shall not be counted as part of his term of probation."
That statute was repealed, and the only statutory provision now in effect which provides for the tolling[2] of a period of probation is N.J.S.A. 2C:45-3c, which states:
The commencement of a probation revocation proceeding shall toll the probationary period until termination of such proceedings. In the event that the court does not find violation of probation this subsection shall not operate to toll the probationary period.
The State, however, argues that this court should fashion a tolling doctrine even in the absence of a statute. It would be inappropriate for this court to fashion a rule providing for *297 tolling in the case of an absent probationer when the legislature has repealed an express statutory provision which dealt with that situation. Furthermore, we are of the view that a judge-made substitute for the repealed tolling statute is unnecessary because N.J.S.A. 2C:45-3c permits the State to toll the probationary period by its "commencement of a probation proceeding (Emphasis added.)" Neither that statute nor any court rule prescribes how a probation proceeding shall be commenced, but neither is there any provision that arrest of the probationer or effective service of notice upon him is necessary to constitute "commencement" of the probation proceeding for purposes of tolling the probation period. Although the issue is not before us in the present case, we assume that the preparation of a formal notice of violations and the issuance of a warrant for the probationer's arrest would constitute the "commencement of a probation revocation proceeding" which would toll the probationary period, provided that reasonably diligent efforts to effect service were unsuccessful. In the present case, however, insofar as we can tell from anything which appears in the record, the proceeding was not "commenced" until more than five years after the commencement of the defendant's probation, and the expiration of the period was not tolled.
The remaining issue is the effect of the exception clause of N.J.S.A. 2C:45-2c. By its terms, this clause gives the court the discretionary authority to extend the probationary period for up to an additional five years if the probationer has failed to pay restitution or a fine which was ordered as a condition of probation. The exception was added by an amendment to subsection c. of the statute. The Comment to that subsection says, "The amendment to subsection c. was intended to continue a person on probation in order to allow for the payment of a fine or restitution." Cannel, Title 2C, Comment N.J.S.A. 2C:45-2c. In order to effectuate this purpose, we construe the provision to mean that the period can be extended for up to an additional five years in order to allow for payment even if the hearing for the extension is not held and the order not entered *298 until a reasonable time after expiration of the initial term of probation. However, since the stated purpose of the exception is to allow for payment of a fine or restitution, we hold that an extension under this provision may not be used to incarcerate a probationer in circumvention of the limitation of N.J.S.A. 2C:45-3a, although probation may, of course, be revoked for a substantial violation, including willful failure to pay, occurring during the extended period. Cf. N.J.S.A. 2C:45-3a(4). See also N.J.S.A. 2C:46-1 and following which provide for the collection of fines and restitution.
The order for continued probation is reversed and this matter is remanded to the trial court for a hearing to determine whether the term of the defendant's probation should be extended to allow for his payment of any unpaid restitution, fine and penalty which were imposed as conditions of his original probation. If the term of probation is extended, the trial judge may, of course, impose reasonable conditions of probation in addition to the payment of money, provided that those conditions are not inconsistent with allowing the defendant to obtain gainful employment in order to be able to make the payments for which the probation period is to be extended.
NOTES
[1] The pertinent statutory sections read in part as follows:

N.J.S.A. 2C:45-2.
a. When the court has suspended imposition of sentence or has sentenced a defendant to be placed on probation, ... the period of probation shall be fixed by the court at not less than 1 year nor more than 5 years....
....
c. Upon the termination of the period of suspension or probation or the earlier discharge of the defendant, the defendant shall be relieved of any obligations imposed by the order of the court and shall have satisfied his sentence for the offense except that this subsection shall not apply if the defendant has failed to fulfill conditions imposed pursuant to subsections 2C:45-1[b](8) or (11) in which event the court may order that the probationary period be extended for an additional period not to exceed that authorized by subsection 2C:45-2a.
N.J.S.A. 2C:45-3.
a. At any time before the discharge of the defendant or the termination of the period of suspension or probation:
....
c. The commencement of a probation revocation proceeding shall toll the probationary period until termination of such proceedings. In the event that the court does not find a violation of probation, this subsection shall not operate to toll the probationary period.
[2] There is, of course, a statute which provides for the tolling of prosecutions of crimes and offenses, i.e., N.J.S.A. 2C:1-6. N.J.S.A. 2C:1-6(f) provides that "this section shall not apply to any person fleeing from justice." However, a proceeding to revoke probation for violation of a condition of probation is not the prosecution of any crime or offense. N.J.S.A. 2C:1-6 does not set the time limitations for commencement of a proceeding for revocation of probation and it does not provide for the tolling of those limitations.