236 N.J. Super. 298 (1989)
565 A.2d 1086
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN HYMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 26, 1989.
Decided October 23, 1989.
*299 Before Judges MICHELS, DEIGHAN and BROCHIN.
*300 Alfred Slocum, Public Defender, attorney for appellant (William E. Norris, Designated counsel, on the brief).
Peter N. Perretti, Jr., Attorney General of New Jersey, attorney for respondent (Sandra M. Iammatteo, Deputy Attorney General, of counsel, and on the brief).
The opinion of the court was delivered by BROCHIN, J.A.D.
Defendant John Henry Hyman pleaded guilty to aiding and abetting a robbery contrary to N.J.S.A. 2C:2-6 and N.J.S.A. 2C:15-1. He was sentenced to five years' probation and a $25 V.C.C.B. penalty. Approximately three months later, the Middlesex County Probation department issued a warrant for his arrest and a notice charging him with having violated his probation by failing to report to his probation officer as ordered, failing to notify his probation officer of a change of address, and failing to pay his $25 V.C.C.B. penalty.
Mr. Hyman was eventually arrested on the warrant for violation of probation, but not until approximately six years after its issuance. By that time his term of probation had expired. He pleaded guilty to having violated the conditions of probation, his probation was revoked, and he was sentenced to five years' imprisonment on his 1981 conviction for aiding and abetting robbery.
Before this court, defendant claims that his arrest was illegal because it was not properly authorized and because it took place more than six years after the commencement of his probation. We disagree and therefore affirm.
Defendant was arrested pursuant to N.J.S.A. 2C:45-3a(2), which reads as follows:
A probation officer or peace officer, upon request of the chief probation officer or otherwise having probable cause to believe that the defendant has failed to comply with a requirement imposed as a condition of the order or that he has committed another offense, may arrest him without a warrant.
*301 In this case, the probation officer who signed the authorization for defendant's arrest had probable cause to do so because Mr. Hyman's violations of probation  failure to report, failure to notify his probation officer of a change of address, and failure to pay his V.C.C.B. penalty  were within the knowledge of the probation department. Although a violation of probation is not itself a crime, the statute authorizing the arrest of a probationer "upon request of the chief probation officer or otherwise having probable cause to believe that the defendant has failed to comply with a requirement imposed as a condition of the order [for probation]" is constitutional because of the special status of a probationer. State v. Bollinger, 169 N.J. Super. 553, 562 (App.Div. 1979); see Griffin v. Wisconsin, 483 U.S. 868, 107 S.Ct. 3164, 3168, 97 L.Ed.2d 709 (1987), State v. Garcia, 193 N.J. Super. 334, 338 (App.Div. 1984). Furthermore, even if defendant's arrest were illegal, the validity of his conviction for violation of probation would be unaffected. State v. Mulcahy, 202 N.J. Super. 398, 404-405 (App.Div. 1985), aff'd in part and rev'd in part on other grounds, 107 N.J. 467, 483 (1987).
A defendant may be incarcerated for violation of probation only if the revocation proceeding was commenced within the period of probation either as originally fixed or as tolled pursuant to statute. R. 3:21-7; N.J.S.A. 2C:45-2; State v. DeChristino, 235 N.J. Super. 291 (App.Div. 1989); cf. State v. Gibson, 156 N.J. Super. 516, 526-531 (App.Div. 1978). Defendant was sentenced to five years' probation on September 21, 1981. When he was arrested on September 29, 1987, more than five years had elapsed. The State cites State v. Williams, 133 N.J. Super. 481 (App.Div.), certif. den. 69 N.J. 80 (1975), for the proposition that the period of defendant's probation was tolled while he "remain[ed] away or hidden." Id. 133 N.J. Super. at 485. However, that case was based upon a statute which has been repealed since the decision was rendered. See State v. DeChristino, supra. The only pertinent tolling statute currently in force is N.J.S.A. 2C:45-3c which states, "The commencement *302 of a probation revocation proceeding shall toll the probationary period until termination of such proceedings...." The legality of the revocation of defendant's probation and of his resentencing for the 1981 crime therefore depends upon whether the revocation proceedings were "commenced" prior to September 21, 1986.
In State v. DeChristino, supra, we said:
Neither ... statute nor any court rule prescribes how a probation proceeding shall be commenced, but neither is there any provision that arrest of the probationer or effective service of notice upon him is necessary to constitute "commencement" of the probation proceeding for purposes of tolling the probation period. Although the issue is not before us in the present case, we assume that the preparation of a formal notice of violations and the issuance of a warrant for the probationer's arrest would constitute the "commencement of a probation revocation proceeding" which would toll the probationary period, provided that reasonably diligent efforts to effect service were unsuccessful.
In DeChristino, we did not have to decide what constituted the "commencement" of a probation revocation proceeding because there no steps at all had been taken to initiate such a proceeding before expiration of the probationary period. In the present case, the State contends that the issuance of a notice of violation of probation and the authorization for defendant's arrest on December 16, 1981, constituted the "commencement" of a probation revocation proceeding. However, there is no evidence in the record whether the probation department made "reasonably diligent efforts to effect service" within the probationary period. Faced as we now are with the necessity of deciding whether proof of such efforts is essential, we hold that a defendant, like Mr. Hyman, who concededly attempted to evade apprehension is estopped from contending that the State was not "diligent" in seeking to find him. Consequently, the issuance of the notice of violations and the warrant for defendant's arrest tolled the expiration of his probation period and the 1987 revocation proceedings were commenced within time.
Defendant's conviction is affirmed.