238 N.J. Super. 219 (1990)
569 A.2d 819
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LIONEL JOSEPH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 19, 1989.
Decided February 5, 1990.
*220 Before Judges PRESSLER, LONG and LANDAU.
Alfred A. Slocum, Public Defender, attorney for appellant (Robert L. Sloan, Assistant Deputy Public Defender, of counsel and on the letter brief).
Peter N. Perretti, Jr., Attorney General, attorney for respondent (Linda K. Calloway, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by LONG, J.A.D.
In 1981, defendant Lionel Joseph entered a retraxit plea of guilty to charges of possession of a controlled dangerous substance contrary to N.J.S.A. 24:21-20a(1); distribution of a controlled dangerous substance contrary to N.J.S.A. 24:21-19a(1) and conspiracy to distribute a controlled dangerous substance *221 contrary to N.J.S.A. 24:21-24. In exchange for the plea, the State agreed to recommend a sentence of three years of probation, conditioned on defendant serving one day in the Gloucester County jail and the imposition of a $5000 fine. The plea agreement also recommended that defendant's probationary term would terminate once the fine was satisfied in full. The trial judge accepted defendant's plea. The judgment of conviction articulated the sentence as follows: "three years probation on count 2 with special condition of probation that defendant serve one day in the Gloucester County jail; a fine of $5000 was imposed payable in equal monthly installments over the term of probation." Although the judgment did not indicate that the fine was a specific condition of probation, it stated that failure to pay the installments on the fine "could" constitute a violation of probation.
In 1987, after defendant's discharge from probation, he still owed $4,565 of the original $5000 fine. The Gloucester County Probation Department instituted a summary collection action against him pursuant to N.J.S.A. 2C:46-2 alleging that he had failed to make a payment since 1985. The trial judge issued a bench warrant for defendant's arrest. Defendant was unable to make bail pending the collection hearing and served 57 days in custody before he was released. After a hearing, the trial judge ordered defendant to make an immediate payment of $500 toward the remainder of his fine and set a $100 per month installment schedule to defray the rest of what was owed. He refused to give defendant credit for the time he spent in jail while the summary collection action was pending.
Defendant appeals, claiming that the trial judge was without power to require the payment of the fine because his three-year conditional probationary period had expired. Alternatively, defendant urges that even if he is required to pay the fine, he is entitled to credit of $20 for each day he spent in jail awaiting the collection proceeding. We disagree with defendant's contention that the power to collect the fine expired with *222 his probation. We have concluded, however, that he is correct as to his entitlement to monetary credit for the time he spent in jail. We thus affirm in part and reverse in part.
Defendant's sentence was imposed in accordance with the provisions of N.J.S.A. 2C:43-2b(1), (2) and (4). When a defendant fails to complete the payment of a fine, several options are open under the code. Defendant may move for revocation of some or all of the unpaid portion of the fine, alleging changed circumstances which would render it unjust to require continued payment. N.J.S.A. 2C:46-3. The State also has open to it several courses of action. As it did here, it may institute a summary collection action under N.J.S.A. 2C:46-2a, which provides in relevant part:
When a defendant sentenced to pay a ... fine ... defaults in the payment thereof or of any installment, the court, upon motion of the person authorized by law to collect the payment ..., may recall him, or issue a summons or a warrant of arrest for his appearance. After a hearing, the court may reduce or suspend the fine or modify the payment or installment plan, for the fine ... or, if none of these alternatives is warranted, may impose a term of imprisonment to achieve the objective of the fine. .. .
Alternatively, the State may take any measures "as are authorized for the collection of an unpaid civil judgment entered against the defendant in an action on a debt." N.J.S.A. 2C:46-2b. If the probation was conditioned on the payment of the fine, several other options are also available to the State. It may institute a violation of probation proceeding pursuant to N.J.S.A. 2C:45-3 or move to extend defendant's probation for up to five years for the payment of the fine upon which the probation was conditioned. N.J.S.A. 2C:45-2c; State v. DeChristino, 235 N.J. Super. 291, 562 A.2d 236 (App.Div. 1989).
Defendant claims that these options were available to the State only during the term of his probation. This is correct only as to the violation of probation remedy under N.J.S.A. 2C:45-3. That statute specifically provides that the remedy must be exercised prior to the expiration of the probationary period. On the contrary, the extension of probation remedy can be exercised for a "reasonable time after expiration of the *223 initial term of probation." DeChristino, 235 N.J. Super. at 297-298, 562 A.2d 236. It follows that because the remedies provided in N.J.S.A. 2C:46-2 are entirely unrelated to defendant's probation, they may be exercised at any time. In short, we read N.J.S.A. 2C:45-2c and N.J.S.A. 2C:46-2 as alternative remedies for collection exercisable by the state after the expiration of a defendant's probationary period.[1] We thus affirm the trial judge's order directing and scheduling the payment of the fine by defendant.
We turn now to the question of credits. When defendant learned that he would be required to pay the fine, his counsel requested that he receive monetary credit for the time he was in custody awaiting the summary collection proceeding. The trial judge denied the credit:
Apparently you don't understand the law or you don't understand this Court.
I intend collecting, sir, the summary collection. Now, anything less than that is totally unacceptable and you continue to put that plate in front of my face. I'm not going to eat it. Do you understand that?
* * * * * * * *
If this defendant owes in summary collection four thousand, five hundred dollars, it's going to be paid. I don't want blood, sweat and tears. This court wants money.
It is here that we part company from him.
N.J.S.A. 2C:46-2a unambiguously entitles a defendant incarcerated after a hearing for failure to pay his or her fine to monetary credit for the time in custody:
After a hearing, the court may reduce or suspend the fine or modify the payment or installment plan for the fine ... or, if none of these alternatives is warranted, may impose a term of imprisonment to achieve the objective of the fine. The term of imprisonment in such case shall be specified in the order of commitment. It need not be equated with any particular dollar amount but it shall not exceed one day for each $20.00 of the fine ...
*224 The statute is not exactly on point in that "after a hearing" the trial judge did not "impose a term of imprisonment" upon defendant "to achieve the objective of the fine." However, defendant was arrested pursuant to the provisions of N.J.S.A. 2C:46-2(a) and incarcerated prior to hearing because he could not post bail.[2] As a result of three continuances he remained in custody for 57 days. Although the statute refers to a $20-per-day credit for time served in lieu of payment of the fine itself, we see no purpose to be served by failing to extend such credit for time actually served by defendant while awaiting the collection hearing. Whether or not that pre-trial incarceration was authorized by the code, the fact is that defendant spent 57 days in jail awaiting the collection proceeding. At the time of that incarceration, the fine was already fixed and the extent of defendant's default was known. Indeed, the circumstances were no different than those which existed after the hearing at which time defendant would have been entitled to credit for time in jail. It seems to us that the statute should be interpreted to include such pre-hearing incarceration within the scope of the credit provision.
This situation is analogous to credit for pre-trial jail time which is accorded to a defendant who is sentenced for a crime. R. 3:21-8. State v. Cusick, 219 N.J. Super. 452, 467, 530 A.2d 806 (App.Div. 1987). Such credit reconciles the position of the defendant who is unable to make bail with that of the defendant who has the resources to do so. Crediting a defendant for the time in custody under these circumstances is a matter of fundamental fairness. Here, in order to equalize the position of this defendant with one who had the resources to make bail, credit should be given for pre-hearing incarceration. We thus reverse and remand the case to the trial judge for reformation *225 of the payment schedule to account for monetary credit for the 57 days defendant spent in custody.
Affirmed in part; reversed and remanded for modification in accordance with this opinion.
NOTES
[1] No issue is raised on this appeal as to the time lapse between the end of defendant's probation and the institution of the summary collection action so that we need not address the question of whether a "reasonable time" provision like that referred to in DeChristino should be read into N.J.S.A. 2C:46-2. 235 N.J. Super. at 298, 562 A.2d 236.
[2] We note although defendant does not challenge the propriety of his pre-hearing incarceration here, that there is no authority in the code for such incarceration after the expiration of a probationary term and pending a fine-collection hearing.