585 A.2d 979

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. ANNA
MARIE GRABINSKI, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 16, 1991—Decided February 1, 1991.

Before Judges GAULKIN, SHEBELL and HAVEY.

*Richard C. Hare,* Warren County Prosecutor, attorney for
appellant (*Frank J. Bucsi,* Senior Assistant Prosecutor, on the
brief).

*Herr & Pursel,* attorneys for respondent (*Lowell Espey,* of counsel and on the brief).

The opinion of the court was delivered by

SHEBELL, J.A.D.

The issue presented in this appeal is what action constitutes "[t]he commencement of a probation revocation proceeding" so as to toll a probationary period pursuant to *N.J.S.A.* 2C:45–3c. We hold that the formal filing with the court of a petition or complaint by a probation officer constitutes commencement of a probation revocation proceeding within the contemplation of the statute. We therefore reverse and remand.

Defendant, Anna Grabinski, pleaded guilty on June 25, 1986 to one count of distribution of marijuana and one count of distribution of hashish (*N.J.S.A.* 24:21–19a(1) (repealed 1987)), as charged in a Warren County indictment handed up on May 1, 1986. On August 15, 1986, defendant was sentenced to concurrent three-year periods of probation, with the conditions that she serve 100 days in the county jail, receive drug evaluation and treatment including urine monitoring, and remain drug-free and avoid association with known drug users or dealers.

On August 8, 1989, a Warren County probation officer filed a complaint with the Warren County clerk of the Superior Court, Law Division, "report[ing] that in his opinion, one ANNA MARIE GRABINSKI who was committed on 08/15/86 to the care of the Chief Probation Officer on a charge of DISTRIBUTION OF CDS has in the judgment of the said Chief Probation Officer violated the conditions of her probation." The officer set forth six specific factual allegations concerning defendant's violations of probation. These included being convicted of a subsequent offense; leaving the jurisdiction without permission; failing to give notice of change of residence; failing to complete substance abuse evaluation and treatment; admitting to continued use of illegal drugs, and associating with a known substance abuser.

The probation officer next obtained a September 15, 1989 court appearance date from the criminal case manager and prepared a notice, dated August 23, 1989, summoning the defendant to appear before the Superior Court, Law Division–Criminal Part, to enter a plea to the complaint, a copy of which was attached to the summons. The summons was mailed on August 28, 1989 to defendant's last known address.

Defendant appeared as scheduled and pleaded not guilty to the violation of probation charges. No hearing was held on the alleged violations of probation, as the Law Division judge on April 5, 1990 granted defendant's motion to dismiss the complaint on the basis that the three-year term of probation had expired on August 14, 1989, prior to the issuance of the summons on August 23, 1989. The Law Division judge held that "[t]he notice or the summons must be going out prior to the date of the termination of the probation." In making this ruling, he relied upon our holdings in *State v. DeChristino*, 235 *N.J.Super.* 291, 562 *A.*2d 236 (App.Div.1989), and *State v. Hyman*, 236 *N.J.Super.* 298, 565 *A.*2d 1086 (App.Div.1989).

In *State v. Gibson*, 156 *N.J.Super.* 516, 531, 384 *A.*2d 178 (App.Div.), *certif. denied*, 78 *N.J.* 411, 396 *A.*2d 598 (1978), we concluded "that in order for the court to have jurisdiction to revoke probation and punish a probationer for violation of a probationary condition under *N.J.S.A.* 2A:168–4 [ (repealed 1979) ], the warrant must issue during the probationary period." However, under that predecessor statute, the probation officer could issue a warrant or arrest the probationer for violating the condition of his probation and then "forthwith report such an arrest or detention to the court and submit to the court a report showing the manner in which the probationer has violated his probation." *N.J.S.A.* 2A:168–4 (repealed 1979). The authority conferred upon the court under the former statute was to issue a warrant and cause the probationer to be arrested "[a]t any time during the probation period." *Id.*

It was in this context that the *Gibson* court concluded that "[w]here violation proceedings are not initiated within the probationary term, the courts are without jurisdiction to revoke probation." 156 *N.J.Super.* at 531, 384 *A.2d* 178. We do not withdraw from this holding in our decision today; however, we are satisfied that, under the present Criminal Code, probation revocation proceedings are commenced by the filing of a probation violation complaint with the court. *N.J.S.A.* 2C:45–3c.

As noted in *DeChristino:*

[T]he only statutory provision now in effect which provides for the tolling of a period of probation is *N.J.S.A.* 2C:45–3c, which states:

The commencement of a probation revocation proceeding shall toll the probationary period until termination of such proceedings. In the event that the court does not find violation of probation this subsection shall not operate to toll the probationary period.

[235 *N.J.Super.* at 296, 562 *A.2d* 236 (Footnote omitted)].

We pointed out in *DeChristino* that "[n]either that statute nor any court rule prescribes how a probation proceeding shall be commenced, but neither is there any provision that arrest of the probationer or effective service of notice upon him is necessary to constitute 'commencement' of the probation proceeding for purposes of tolling the probation period." *Id.* at 297, 562 *A.2d* 236. The precise issue of what constituted the "commencement of a probation revocation proceeding" was not before the court in *DeChristino* as it did not appear in the record that any attempt to commence the proceeding was undertaken within defendant's probationary period. *Id.*

The Law Division judge, in dismissing the violation of probation complaint filed against the defendant, relied upon our statement in *DeChristino* that "we assume that the preparation of a formal notice of violations and the issuance of a warrant for the probationer's arrest would constitute the 'commencement of a probation revocation proceeding'...." *Id.* That dictum should not have compelled the judge here to hold that, in addition to the filing of a formal notice of violations during the probationary period, the warrant must also have issued prior to the designated expiration of the probationary period.

In *State v. Hyman*, we confirmed that "[a] defendant may be incarcerated for violation of probation only if the revocation proceeding was commenced within the period of probation either as originally fixed or as tolled pursuant to statute." 236 *N.J.Super.* at 301, 565 *A.*2d 1086. We specifically observed in *Hyman* that "[i]n *DeChristino*, we did not have to decide what constituted the "commencement" of a probation revocation proceeding because there no steps at all had been taken to initiate such a proceeding before expiration of the probationary period." *Id.* at 302, 565 *A.*2d 1086. In *Hyman*, both the notice of violation and the authorization for defendant's arrest occurred before the five-year calendar period of defendant's probation had elapsed. He was not, however, served with the arrest warrant because he had absconded. Upon those facts, we did not consider whether proof of reasonably diligent efforts to effect service upon the defendant within the probationary period was required, as the defendant, having attempted to evade apprehension, was estopped from contending that the State was not diligent. We are thus satisfied that there is no existing New Jersey case law which compels the conclusion of the Law Division judge that the summons must go out or warrant be issued prior to the date of the termination of probation.[1]

We now hold that the filing of the formal notice of violation is sufficient to constitute the "commencement of a probation revocation proceeding." The subsequent issuance of a summons or warrant within a reasonable time thereby occurs prior to the termination of probation, as the period of probation is tolled upon the filing of the notice or complaint. *N.J.S.A.* 2C:45–3c.

We are not alone in this view. *State v. Jensen*, 378 *N.W.*2d 710 (Iowa 1985); *see Thompson v. State*, 620 *P.*2d 422 (Okla.

---

[1]We do not consider the effect of any application of *R.* 3:21–7(c) on the issue before us. We do, however, recommend review of the language of the provision by the Rules Committee in light of our present holding.

Crim.App.1980). *See also* Annotation, *Power Of Court, After Expiration Of Probation Term, To Revoke Or Modify Probation For Violations Committed During The Probation Term,* 13 *A.L.R.* 4th 1240 (1982) (provides a comprehensive review of the various holdings as to commencement of proceedings in probation revocation matters). We share the concern expressed by the Iowa Supreme Court in *Jensen,* that if the "court lost jurisdiction to revoke probation when the period expired, a defendant might escape revocation for violations occurring near the end of the period." 378 *N.W.*2d at 712. Further, our holding is consistent with the general provision of the Criminal Code that in New Jersey "[a] prosecution is commenced for a crime when an indictment is found ... provided that such warrant or other process is executed without unreasonable delay." *N.J.S.A.* 2C:1–6d.

The order dismissing the complaint for violation of probation is reversed. The matter is remanded to the Law Division for further proceedings.