836 A.2d 807

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RICHARD NELLOM, DEFENDANT-APPELLANT.

Argued October 8, 2003—Decided December 17, 2003.

*Daniel V. Gautieri,* Assistant Deputy Public Defender, argued the cause for appellant (*Yvonne Smith Segars,* Public Defender, attorney).

*James L. McConnell,* Assistant Prosecutor, argued the cause for respondent (*Wayne J. Forrest,* Somerset County Prosecutor, attorney).

*Johanna Barba,* Deputy Attorney General, argued the cause for *amicus curiae,* Attorney General of New Jersey (*Peter C. Harvey,* Attorney General, attorney).

Justice LONG delivered the opinion of the Court.

On this appeal, we have been asked to construe *N.J.S.A.* 2C:45–3c, a statute that provides for the tolling of a probationary period upon "commencement" of a revocation proceeding. The question presented is whether the issuance of an arrest warrant for a violation of probation constitutes "commencement" for tolling purposes under the statute. We hold that the filing of an arrest warrant is one valid method to commence probation revocation proceedings and thus toll the relevant probationary period.

I

In 1995, defendant Richard Nellom entered a plea of guilty to third-degree receipt of stolen property, contrary to *N.J.S.A.* 2C:20–7a. In exchange, the state recommended probation. At sentencing, the trial court imposed a three-year probationary term which was to terminate in 1998, along with mandatory fees and penalties, and a driver's license revocation.

When Nellom failed to pay his financial obligations, the trial court ordered him to appear on May 30, 1996. He did not do so and the court issued a bench warrant for his arrest. Nellom's arrest record suggests that prior to that ordered appearance, he had relocated out of state. He was arrested several times in Mecklenburg, North Carolina between May 1996 and July 1999 and twice in Newburgh, New York in late 2000.

When Nellom continued to fail to report, the court vacated the bench warrant and issued an arrest warrant for him on November 4, 1996 for violating the terms of his probation. Nellom remained at large until his arrest on January 11, 2001, at which time the court set bail and the outstanding warrant was vacated. Two weeks later, on January 25, 2001, the probation department filed and served on Nellom a document entitled "Violation of Proba-

tion—Statement of Charges." That document alleged that Nellom had neglected to report to the probation office as directed between April 10 and November 10, 1996 and that he failed to pay court-imposed financial obligations.

Nellom filed a motion to dismiss, claiming that the violation of probation Statement of Charges was untimely because it was not filed prior to the expiration of his probationary term. According to Nellom, because the probation department failed to file the statement of charges until January 25, 2001, more than five years after his three-year probation commenced, the action could not be pursued. The trial court denied the motion to dismiss, concluding that the issuance of the arrest warrant in November 1996 constituted "commencement" of probation revocation proceedings within the meaning of *N.J.S.A.* 2C:45–3c and thus tolled the probationary period.

On April 20, 2001, Nellom entered a plea of guilty to the violation of probation charge. In so doing, he acknowledged that he failed to report to his probation officer from April 10, 1996 to November 10, 1996, that he remained a fugitive thereafter, and that he was not paying the monetary penalties that had been imposed. On May 22, 2001, the trial court vacated Nellom's probation and sentenced him to a custodial term of three years on the original charge of receiving stolen property.

Nellom appealed and the Appellate Division affirmed, holding that, as a procedural matter, Nellom was barred by his unconditional plea from challenging the temporal validity of the violation of probation proceedings and that the trial court had jurisdiction to accept that plea even if the commencement of the proceedings was untimely. *State v. Nellom,* 354 *N.J.Super.* 485, 808 *A.2d* 139 (App.Div.2002). We granted Nellom's petition for certification, *State v. Nellom,* 175 *N.J.* 432, 815 *A.2d* 478 (2003), and now affirm the judgment of the Appellate Division, although on different grounds.

## II

Nellom reiterates the arguments he made before the Appellate Division: that the violation of probation proceedings were untimely because they were not commenced during the probationary term, and that his plea of guilty was not a waiver of that jurisdictional challenge. The prosecutor counters that the probation violation proceedings were commenced in a timely manner by way of the issuance of the November 4, 1996 arrest warrant, and that, in any event, Nellom's entry of an unconditional plea bars his claim.

The Attorney General, as amicus curiae, essentially agrees with the prosecutor but raises additional arguments; that a probationary term does not expire where a defendant has failed to satisfy a condition of the probation; that Nellom's fugitive status precludes him from raising the issue of the timeliness of the probation department's filing; and that the limitations' provision in the statute is a defense and not a matter of jurisdictional consequence.

## III

In deciding the issue in this case, we look directly to the relevant statute:

Summons or arrest of defendant under suspended sentence or on probation; commitment without bail; revocation and resentence

a. At any time before the discharge of the defendant or the termination of the period of suspension or probation:

(1) The court may summon the defendant to appear before it or may issue a warrant for his arrest;

(2) A probation officer or peace officer, upon request of the chief probation officer or otherwise having probable cause to believe that the defendant has failed to comply with a requirement imposed as a condition of the order or that he has committed another offense, may arrest him without a warrant;

(3) The court, if there is probable cause to believe that the defendant has committed another offense or if he has been held to answer therefor, may commit him without bail, pending a determination of the charge by the court having jurisdiction thereof;

(4) The court, if satisfied that the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or if he has been convicted of another offense, may revoke the suspension or probation and sentence

or resentence the defendant, as provided in this section. No revocation of suspension or probation shall be based on failure to pay a fine or make restitution, unless the failure was willful.

b. When the court revokes a suspension or probation, it may impose on the defendant any sentence that might have been imposed originally for the offense of which he was convicted.

c. The commencement of a probation revocation proceeding shall toll the probationary period until termination of such proceedings.

In the event that the court does not find a violation of probation, this subsection shall not operate to toll the probationary period.

[*N.J.S.A.* 2C:45–3.]

The legislative history of the act is unrevealing. On its face, the statute provides unequivocally that probation revocation proceedings must be "commenced" within the probationary period. *N.J.S.A.* 2C:45–3c; *State v. Joseph*, 238 *N.J.Super.* 219, 222, 569 *A.*2d 819, 821 (App.Div.1990) (noting that remedy afforded under *N.J.S.A.* 2C:45–3 must be exercised prior to expiration of probationary period); *State v. DeChristino*, 235 *N.J.Super.* 291, 295–96, 562 *A.*2d 236, 237–38 (App.Div.1989) (citing statute, court rule and case law for proposition that revocation of probation proceedings must be commenced prior to expiration of period of probation). Likewise, the statute is clear that commencement of probation revocation proceedings tolls the probationary period until the proceeding is terminated. *N.J.S.A.* 2C:45–3c.[1] What the statute does not say in so many words is exactly what constitutes commencement.

The statute does set forth three actions that may be taken against an errant probationer prior to the termination of the period of probation. More particularly, *N.J.S.A.* 2C:45–3a(1) empowers the court either to summon defendant to appear before it

---

[1] Although *N.J.S.A.* 2C:45–3 is an analogue of Model Penal Code 301.3, the Model Penal Code does not contain a tolling provision. However, a number of states have enacted a provision similar to our own, most likely to avoid the suggestion in some case law that revocation proceedings must be *completed* prior to the expiration of the probationary term. *See* Lee R. Russ, Annotation, *Power of Court, After Expiration of Probation Term, To Revoke or Modify Probation for Violations Committed During the Probation Term*, 13 A.L.R.4th 1240, § 12 (1982).

or to issue a warrant for his arrest. The statute also authorizes a probation officer or peace officer to make a warrantless arrest of defendant if such officer has probable cause to believe that defendant has violated the terms of his probation or has committed another offense or if the officer has been requested to do so by the chief probation officer. *N.J.S.A.* 2C:45-3a(2). Each of those initiatives is intended to notify defendant that he is being charged with violating probation and to bring him or her before the court. Although not specifically denominated as such, those authorized initiatives are obviously what were being cross-referenced in the tolling section of the statute.

Several Appellate Division decisions shed light on the question of commencement for tolling purposes either directly or obliquely. In *DeChristino, supra,* the court reversed a violation of probation because *no* action to commence the proceedings took place until nearly five months after the date on which defendant's probation was scheduled to end. The panel in *DeChristino* went on to state in dictum:

> Although the issue is not before us in the present case, we assume that the preparation of a formal notice of violations *and* the issuance of a warrant for the probationer's arrest would constitute the "commencement of a probation revocation proceeding" which would toll the probationary period, provided that reasonably diligent efforts to effect service were unsuccessful.
>
> [235 *N.J.Super.* at 297, 562 *A.2d* at 238–39 (emphasis added).]

Five years later, the Appellate Division again considered the commencement issue for tolling purposes in *State v. Hyman,* 236 *N.J.Super.* 298, 565 *A.2d* 1086 (App.Div.1989). There, the probation department issued a notice and obtained an arrest warrant three months into defendant's five-year probationary term, charging him with violations. Defendant was not arrested until six years later. The court held that "issuance of [a] notice of violations *and* [a] warrant for [the] defendant's arrest tolled the expiration of his probation period and the . . . revocation proceedings were commenced within time." *Id.* at 302, 565 *A.2d* at 1088 (emphasis added).

Two years after *Hyman*, the Appellate Division revisited the issue of "what action constitutes '[t]he commencement of a probation revocation proceeding' " for tolling purposes. *State v. Grabinski*, 245 *N.J.Super.* 402, 403, 585 *A*.2d 979, 980 (App.Div.1991). In that case, prior to the expiration of defendant's probation, the probation department filed a "complaint" alleging that defendant violated his probation. However, the department failed to seek the issuance of a summons or warrant until after the probationary term had expired. Citing *DeChristino*, the court observed that "[n]either [the] statute nor any court rule prescribes how a probation proceeding shall be commenced" and that no provision of the law compels the arrest of defendant or even effective notice upon him as a prerequisite to commencement. *Id.* at 405, 585 *A*.2d at 981. The court concluded that under *N.J.S.A.* 2C:45–3c, "the filing of [a] formal notice of violation is sufficient to constitute" commencement and that the dictum in *DeChristino, supra,* "should not have compelled the judge here to hold that, in addition to the filing of a formal notice of violations during the probationary period, the warrant must also have issued prior to the designated expiration of the probationary period." *Id.* at 405–06, 585 *A*.2d at 981.

Recently in *State v. Thomas*, 356 *N.J.Super.* 299, 812 *A*.2d 409 (App.Div.2002), the Appellate Division concluded that a probation officer's failure to take any steps prior to the expiration of the defendant's probationary term except to prepare (but not file) an arrest warrant "[was] insufficient to constitute commencement of a revocation proceeding" within the meaning of *N.J.S.A.* 2C:45–3c. *Id.* at 305, 812 *A*.2d at 413. Citing *N.J.S.A.* 2C:45–3a(1) to (3), the panel rested its analysis in part on the fact that "no alternative proceedings in conformance with [the] authority granted by *N.J.S.A.* 2C:45–3 had occurred before the termination of the period of probation." *Id.* at 307, 812 *A*.2d at 414.

The cited cases make several important points. First, they recognize that the issuance of an arrest warrant or a summons cannot occur as a result of a mere whim, but instead must be

precipitated by the preparation of underlying documentation that would support the conclusion that there is probable cause to believe defendant has violated the terms of his probation. For example, *DeChristino* and *Hyman* refer to a prefatory notice and *Grabinski* to a complaint.[2] Likewise, underlying every arrest without a warrant must be documentation of probable cause to believe that defendant has violated probation.

Second, on that spectrum of activity, the cases address the issue of when a probation violation proceeding is "commenced". *DeChristino* and *Hyman* recognized that timely filing of a notice of violation or a statement of charges *along with* the issuance of a warrant would pass muster for commencing probation revocation proceedings. *Grabinski* identified the timely filing of the notice alone as sufficient for tolling. *Thomas* aptly opined that merely preparing a warrant but doing nothing with it would not suffice because that is not one of the "alternative proceedings" authorized by the statute.

■ *DeChristino*; *Hyman* and *Thomas* fully conform to the statute by recognizing that commencement for tolling must be an act that is statutorily authorized. *Grabinski* is problematic. Its holding that the mere filing of a notice, with nothing more, constitutes commencement is out of synchronicity with the statutory scheme. At the heart of the scheme is the notion that a probation revocation proceeding is commenced when formal processes to notify defendant and bring him or her before the court

---

[2] The different nomenclature was likely the result of different procedures adopted by various vicinages. In 1999, after probation services became a centralized state function, the Administrative Office of the Courts (AOC) issued *Violation of Probation and Revocation Process: Standards, Guidelines and Formats for Adult Probation Violations* (hereinafter *Guidelines*). Those *Guidelines* set forth standard conditions of probation and a uniform system for instituting probation revocation proceedings. Included are form documents to be filed with the court and instructions regarding the circumstances under which a probationer may be detained for non-compliance. The *Guidelines* also require that the probationer be notified of the proceeding by personal service (the preferred method) or by registered or certified mail.

are set in motion. The legislature has declared that that occurs when the court issues an arrest warrant or summons a defendant to appear or when a defendant is arrested without a warrant thus precipitating a court proceeding.

On the contrary, the mere filing of a VOP document remains an initiative of the probation department until defendant is summoned by the court, an arrest warrant issues, or until defendant is arrested. Thus, *Grabinski* mis-identified the commencement point of a probation revocation proceeding. To that extent, it is disapproved.

■ We note that when the AOC issued its uniform *Guidelines* in 1999, it correctly recognized that the filing of the VOP documents is distinct from "commencement" for tolling:

> The filing of the VOP document with the Criminal Division *and* commencement of a probation revocation proceeding shall toll the probationary period until termination of such proceedings. Tolling refers to a suspension or temporary stopping of the running of the time of the term.
>
> [*Guidelines, supra,* note 2, at 13 (emphasis added).]

That is our reading as well.

■ In sum, the three statutorily authorized initiatives—issuance of an arrest warrant, summoning a defendant to appear and actual arrest—constitute commencement for tolling. The issuance of the arrest warrant in this case took place long before Nellom's probationary term expired and, thus, tolled its term.

## IV

■ We turn finally to Nellom's argument that the proceedings below were defective because he was entitled to "actual" notice of his violation within the probationary period. That notion is wide of the mark for several reasons. On the most basic level, because the arrest warrant tolled the probationary term, the 2001 VOP Statement of Charges detailing Nellom's failure to live up to the conditions of his probation was timely. In arguing to the contrary, Nellom confuses the provisions of *N.J.S.A.* 2C:45–3c with his entitlement under *N.J.S.A.* 2C:45–4.

To be sure, because the finding of a violation of probation may result in a loss of liberty, defendants charged therewith must be accorded due process. *State v. Lavoy*, 259 *N.J.Super.* 594, 600, 614 *A.*2d 1077, 1080 (App.Div.1992) (noting that United States Constitution requires that defendants charged with probation violation be granted due process of law). That entitlement is codified in *N.J.S.A.* 2C:45–4 which provides:

Notice and hearing on revocation or modification of conditions of suspension or probation

The court shall not revoke a suspension of sentence or probation or delete, add or modify conditions of probation except after a hearing upon written notice to the defendant of the grounds on which such action is proposed. The defendant shall have the right to hear and controvert the evidence against him, to offer evidence in his defense, and to be represented by counsel.

[*N.J.S.A.* 2C:45–4.]

However, that statute does not mandate a timeframe for the provision of defendant's due process rights. The only temporal limitation implicit in the act is that the notice be given as soon as possible and certainly in sufficient time to allow defendant to prepare and launch a defense.

Obviously a timely attempt to notify defendant that he or she is the subject of a probation revocation proceeding either by way of summons, arrest warrant or actual arrest is what is contemplated by the statute. Indeed, that is what the *Guidelines* provide. However, the argument that Nellom advances is a different one. He claims notice must be "effected" within the probationary term. That reading of the statute would reward an absconder who moves without leaving a forwarding address, in contravention of the conditions of probation. Such an individual could thus thwart service, allowing the probationary term to expire, avoiding not only the conditions imposed by the sentencing court but a revocation proceeding as well. That is not what the statute intends. So long as formal action authorized by the statute including the issuance of a warrant or summons or the arrest of the defendant occurs prior to the expiration of the period of probation, that period is tolled under *N.J.S.A.* 2C:45–3c. Thereafter, under *N.J.S.A.* 2C:45–4, a defendant must receive actual notice and an

opportunity to be heard prior to the revocation proceeding in order for due process to be satisfied. That is exactly what occurred here.

### V

We affirm the judgment of conviction. That ruling makes it unnecessary for us to address the knotty procedural issues relied on by the Appellate Division in reaching its conclusion.

*For affirming*—Chief Justice PORITZ and Justices LONG, VERNIERO, LaVECCHIA, ZAZZALI, ALBIN, and WALLACE—7.

*Opposed*—None.