**Walter "Sonny" GOSSETT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 20, 1964.

Fritz Krueger, Somerset, for appellant.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

This is an appeal from a judgment of the Pulaski Circuit Court by which the appellant, Gossett, was sentenced to confinement in the state penitentiary for a period of one year under a charge of false swearing. Appellant contends that about two years prior to the entry of the judgment he had been placed on probation for a period of one year and, at the time the probation was summarily revoked, the probationary period had been completed and the court had no right to enter judgment imposing sentence.

KRS 439.270 (here involved) reads in part: "Upon completion of the probationary period the defendant shall be deemed finally discharged, provided, no warrant issued by the court is pending against him, and probation has not been revoked."

At the 1962 February term of court, Gossett was indicted for the offense of false swearing. On March 13, 1962, his case came on to be tried and on the same day (the record contains an obvious typographical error as to the date) the court entered a judgment which stated that Gossett had waived arraignment and had entered a plea of guilty, that a jury had been impaneled, had heard evidence, and, under instructions of the court, had returned a verdict in which appellant was found guilty and his punishment fixed at one year in the state penitentiary. Appellant was returned to the custody of the jailer. It will be noted here that sentence was not imposed in the judgment.

On the same day and on the following page in the Criminal Order Book, this order was entered:

"This matter coming on before the Court on the defendant's motion and grounds for a new trial and the Court takes time, it being agreed by the defendant and his counsel and counsel for the Commonwealth that the defendant, Walter 'Sonny' Gossett, will, within thirty days time after his release from the sentence he is now serving in the Pulaski County Jail, absent himself from Pulaski County, Kentucky, for a period of one year from that date and further he agrees as a condition of this Order that he will not violate the laws of this Commonwealth in any respect.

"In the event that the defendant shall fail to comply with any part of this Order, that is, by removing himself from Pulaski County for a period of one year or by violating any law prior to his removal from this County or if he should return to Pulaski County within a period of one year after having absented himself from this County, then the motion for a new trial will be overruled and the sentence of the Court will be immediately imposed upon this defendant. If, however, he

shall comply with the terms of this Order, at the end of one year after his removal from this county, the motion for a new trial will be sustained and this indictment dismissed against him."

No other order or judgment appears for a period of more than two years. On May 28, 1964, this order was entered:

"It is ordered by the Court that Motion and Grounds for New Trial be and the same are overruled as the court knows the defendant has not complied with the Order of the court entered as of March 13, 1962, and evidence has been submitted to the court that the defendant has not obeyed the law, and it is ordered by the court that a Bench Warrant issue for defendant."

That order was followed, a few days later, by this judgment:

"The defendant was this day brought into court and being informed of the nature of the indictment on the charge of False Swearing plea and verdict was asked if he had any legal cause to show why judgment should not now be pronounced against him and none being shown, it is adjudged that the defendant be taken by the Sheriff of Pulaski County to the State Reformatory and there confined at hard labor for a period of One year."

■ As we have stated, appellant contends that the court had no power to enter the last quoted judgment because, under KRS 439.270, appellant's probationary period was finally discharged. The statutes which deal with the postponement of a judgment and probation of a defendant (KRS 439.250 through 439.300) are few and without detail. Subsection (1) of KRS 439.260 permits a circuit court to "postpone the entering of a judgment and the imposing of a sentence and place the defendant on probation," but no attempt is made to outline an exact method of procedure. It seems to anticipate that one judgment may

be entered on the verdict and later a second judgment entered by which a sentence under the verdict may be imposed. Subsection (2) of the same statute provides that a judgment pursuant to the verdict of a jury shall be a final judgment from which an appeal may be prosecuted, but gives the circuit court the additional right of withholding from the judgment a directive that the defendant be taken by an officer to the penitentiary. In light of that distinction, subsection (1) may be interpreted to mean that in probationary cases a judgment on the verdict may be properly entered and a judgment imposing a sentence may be postponed.

The trial court apparently interpreted the statutes in such a manner. He accepted the motion for a new trial in connection with his first judgment entered on March 13, 1962, in which he detailed the occurrences during the trial, and the jury's verdict. He returned appellant to the custody of the jailer without imposing the sentence authorized by the verdict. On the same day, under another order, he, in effect, postponed entering a judgment that would impose a sentence. He could have simply stated the fact of the postponement, followed the formal requisites of the statutes, such as directing that the appellant be placed under the supervision of the Division of Probation and Parole, and directed application of any of the sanctions enumerated under KRS 439.290; instead, he chose to tie in with the postponement of the judgment imposing a sentence, a covenant that if appellant would obey the law and absent himself from Pulaski County for the period of a year, the court, in turn, would sustain the motion for a new trial and dismiss the indictment against defendant.

■ Under the statutes, the postponement of a sentence in no way is tied in with the question of whether a new trial should be granted, nor is the court given the right to covenant that he will not pass upon the motion for a new trial for such a long period of time. The only fair interpretation

which may be given this order, so far as the appellant is concerned, is that all it did was to postpone sentence.

 The Commonwealth states that the trial court was completely in error in holding the motion for a new trial in suspension for two years and releasing the defendant during that period, and contends that the order was void and all that was left was the judgment of conviction sentencing appellant to one year in the penitentiary. We do not agree. No such judgment was entered until after a two-year period had expired. We have concluded, therefore, that although the court, under this incomplete and poorly drafted statute, used conditions in his order which were not acceptable, the only just interpretation of that instrument is that he, in fact, postponed sentencing for a period of one year.

It is plain from the record that during the probationary period no warrant issued by the court was pending against appellant and his probation had not been revoked. Therefore, under KRS 439.270, appellant was deemed finally discharged and was, by the force of the statute, discharged. If the court wishes to act, he must do it during the limitations of the probation period.

The Commonwealth has relied upon Commonwealth, Dept. of Welfare, etc. v. Stevens, Ky., 378 S.W.2d 799, but that case is readily distinguishable because, there, judgment was entered imposing confinement in the penitentiary for a period of two years. A motion for a new trial was overruled on the same day. About a week later, an order was entered sustaining appellee's motion to reconsider the motion for a new trial. The court entered an order which recited that the defendant had received a two-year sentence, and that the judgment was pending before the court for a new trial upon which the court took time. The order further set out provisions similar to the ones we have here with the agreement that if appellant and his family would leave the State of Kentucky for four years and fulfill

other obligations, then the motion for a new trial would be sustained and the charges dismissed. However, the judgment imposing sentence was not set aside which fact makes the case quite different from the one we have at bar.

The judgment is reversed with directions that the defendant be discharged.

Judgment reversed.