THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM GREEN, Defendant-Appellant.

Second District    No. 79-586

Opinion filed December 9, 1980.

Mary Robinson and Donna R. Palm, both of State Appellate Defender's Office, of Elgin, for appellant.


Theodore J. Floro, State's Attorney, of Woodstock (Phyllis J. Perko, Marshall Stevens, and Martin N. Ashley, all of State's Attorneys Appellate Service Commission, of counsel), for the People.


Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

This appeal questions whether probation may be revoked upon the basis of conduct which occurs after the issuance of a bench warrant for violation of probation and before resolution of the charges which resulted in the issuance of the warrant. The trial court held that the conditions of probation were not tolled following the issuance of the warrant. Defendant's probation was revoked, and he was sentenced for the original offense. He appeals.

Defendant was originally convicted of two counts of burglary, unlawful use of weapons, possession of cannabis and two counts of theft under $150. He was sentenced on February 6, 1974, to one year of weekends in the county jail and to probation for a five-year period. From June 1, 1976, to December 1977, six different petitions to revoke defendant's probation were filed. On September 15, 1976, following the second petition, the court issued a bench warrant for the defendant's arrest. It was returned on September 22, 1976. The last petition, filed December 27, 1977, was a comprehensive petition, charging the defendant with 27 offenses in violation of his probation from 1976 through 1977. Only one charge, that of unlawful use of weapons, occurred before the bench warrant issued. At a hearing on the petition to revoke held in January 1978, the trial judge found that by the greater weight of the evidence defendant had committed all but two of the offenses alleged in the petitions and revoked his probation. One of these two offenses, which the defendant was found not to have committed, was the unlawful use of weapons charge. Therefore, all of the offenses for which the defendant's probation was revoked occurred after the issuance of the bench warrant. The defendant was resentenced to a term of imprisonment of from 4 to 12 years plus a parole period of 3 years.

The resolution of the appeal involves interpretation of section 5—6—4(a) of the Unified Code of Corrections, in particular:

> "The issuance of such warrant or summons shall toll the sentence of probation or of conditional discharge or placement on supervision until the final determination of the charge, and the term of probation, conditional discharge or supervision shall not run so

long as the offender has not answered the summons or warrant." Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—4(a)(2).

■■ Defendant argues that this provision tolls both the running of the term of probation and the conditions of the probation order following the issuance of the warrant with the result that defendant was no longer bound by the conditions as to charged violations which occurred after the warrant issued. The defendant notes the use of the term "sentence of probation" in the first clause, as distinct from "term of probation" in the second. He contends that the only way to read both clauses to give meaning to this distinction is to read the first clause as tolling both the term and the conditions of probation. The State contends that the statutory provisions are intended to toll the term or period of probation, to enable the court to continue jurisdiction in the event the charges of probation violation are not resolved prior to the close of the stated probationary terms. Therefore, a defendant remains bound to follow the conditions of his probation prior to adjudication of the revocation issue.[1]

We find the defendant's argument to be ingenious, but without merit. We therefore conclude that the defendant was properly chargeable with the violations of the terms of his probation which followed the issuance of the warrant and during which time defendant was on bond.

■■ Subject matter jurisdiction over a probationer is coexistent with the duration of his sentence of probation. (*People v. Speight* (1979), 72 Ill. App. 3d 203, 209.) The purpose of this statute, particularly its first clause, is to retain jurisdiction past the end of the probation term in order to secure subject matter jurisdiction over defendants who violate probation and whose charges cannot be adjudicated prior to the running of the terms stated in the sentence. (*People v. Speight* (1979), 72 Ill. App. 3d 203, 208-09.) Therefore, the "sentence of probation" is similar to the statute of limitations, and thus it is the running of the probation period that is tolled by the statute. The statute was not intended to relieve a defendant of the obligation to fulfill the conditions of his probation.

But jurisdiction over a defendant in a criminal matter requires both subject matter jurisdiction and personal jurisdiction. (*People v. Farley* (1951), 408 Ill. 194, 195.) The second clause of the statute assures that personal jurisdiction will be obtained before subject matter jurisdiction is lost over a probationer who does not answer the summons or warrant within his stated probationary term by providing that the term of probation "shall not run so long as the offender has not answered the sum-

---

[1] The State also relies on section 5—6—4(e) (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—4(e)) which generally permits the court to continue a probationer on the existing sentence or impose any other sentence "at any time prior to expiration or termination of the period." Since the issue before us is when the period of probation terminates, this provision adds no additional support to the State's position.

mons or warrant." Again, the provisions for retaining jurisdiction over a probationer cannot justify defendant's assumption that the conditions of the probation order do not survive.

The defendant argues that because the defendant may, upon conviction of the violation charges, be deprived of sentence credit for that time served on probation after the warrant or summons is issued and until resentencing (see *People v. Davis* (1976), 36 Ill. App. 3d 904, 908), the legislature could not have intended that a defendant be subject to the conditions of his probation while on bond on the revocation charges. The question of sentence credit, however, does not alter the fundamental purpose evidenced by the statutory provision before us. There may be reasons of policy to deny credit for probation time from the time the warrant or summons is issued if a defendant is subsequently proved not to have successfully served his probation. The question of what credit should be given if a probationer is found not guilty of violation of his probation, of course, is not before us.

The judgment is affirmed.

Affirmed.

WOODWARD and LINDBERG, JJ., concur.