**Joseph RICHARDS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–83–005–CR.**

Court of Appeals of Texas, Waco.

July 21, 1983.

Lou Bright, Cowley & Bright, Waco, for appellant.

Victor Feazell, Criminal Dist. Atty., Dennis G. Green, First Asst. Dist. Atty., Frank M. Fitzpatrick, Jr., T. Bradley Cates, Asst. Dist. Attys., Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from an order revoking defendant's probation.

Defendant plead guilty to theft over $20 and under $200 in March 1979 and was sentenced to 12 months in the McLennan County jail. The court probated the 12 months jail sentence and ordered defendant to pay $250 of the $1000 fine. On June 19, 1979 the State filed motion to revoke defendant's probation alleging he failed to report to the Adult Probation Officer (as required by terms of his probation) between April 4, 1979 and June 19, 1979. Warrant for defendant's arrest was issued June 19, 1979 but was not executed until November 17, 1982.

Hearing was had on the motion to revoke on March 29, 1983. At the close of the evidence defendant moved to dismiss the State's Motion to Revoke for lack of jurisdiction, which motion was denied. The Court then revoked defendant's probation finding defendant had violated terms and conditions of his probation as alleged by the State, and that defendant did not show a lack of diligence by the State by any credible evidence.

Defendant appeals on 2 Grounds of Error:

(1) The trial court erred in denying defendant's motion to dismiss the State's Motion to Revoke because the trial court lacked jurisdiction to revoke defendant's probation.

(2) The trial court abused its discretion in finding defendant had failed to show lack of diligence by the State because such finding was against the great weight and preponderance of the evidence.

Defendant pled guilty to theft in March 1979, and was found guilty and sentenced to 12 months in county jail and $1000 fine. The jail time was probated for 12 months and defendant was ordered to pay $250 of the fine. Conditions of probation were to report to the probation officer immediately and thereafter at least once each 30 days.

Defendant was taken to the Probation Office on March 23, 1979 and explained the terms and conditions of his probation. He later reported to the Probation Office on April 4, 1979. On disputed evidence the Court found defendant had not reported to the Probation Office after April 4, 1979, and it is undisputed that he never reported after June 15, 1979.

As noted the State filed its motion to revoke defendant's probation on June 19, 1979 and warrant for arrest was issued that same day. Defendant's period of probation did not expire until March 23, 1980.

■ The motion was thus filed and warrant issued before expiration of the probation period. The Court therefore had jurisdiction of the motion. *Strickland v. State,* Tex.Cr.App., 523 S.W.2d 250.

■ Diligence must be exercised by the State in executing the arrest warrant. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101.

■ Warrant for defendant's arrest was executed November 17, 1982, some 3 years and 4 months after its issuance.

The record in instant case reflects defendant failed to report to the Probation Officer after April 4, 1979; that he had given the Probation Officer in his own handwriting the address of his mother who would always know his whereabouts to be 4709 Fornat Street, Opelousas, Louisiana; that there was no such address in Opelousas, Louisiana; that his mother actually lives in Houston; that the State could not locate defendant; that execution of the arrest warrant resulted from his arrest in Van Horn, Texas, on other charges.

We think the trial court authorized to find defendant had failed to show lack of diligence by the State, and that the trial court was authorized to revoke defendant's probation.

Defendant's Grounds of Error are overruled.

AFFIRMED.