**STATE of Iowa, Appellee,**

v.

**John Earl CHASE, Appellant.**

No. 89–56.

Supreme Court of Iowa.

Feb. 21, 1990.

Leslie Babich and Connie A. Newlin of Babich, Bennett, Nickerson & Newlin, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., James Smith, County Atty., and Melodee Hanes, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN, and ANDREASEN, JJ.

HARRIS, Justice.

The question is whether the discharge of a criminal defendant from probation left intact a victim restitution plan. The order of discharge was silent on the question but the court later entered a nunc pro tunc order continuing restitution payments. The nunc pro tunc order recited that the court had intended payments to continue when probation ended. The defendant appeals, asserting that the order of discharge closed the criminal proceeding.

Defendant John Earl Chase would be hard pressed to rely on basic fairness. Prior to 1982 he was employed by a hotel company. During his employment he embezzled or otherwise converted to his own use $127,760 which belonged to his employer. He entered a plea guilty to first-degree theft in violation of Iowa Code sections 714.1(2) and 714.2(1) (1981).

The plea was accepted and, on September 21, 1982, the court sentenced Chase to ten years in prison. Sentence was suspended; Chase was granted probation for five years pursuant to Iowa Code sections 907.3(2) and 907.7. Chase was ordered to make restitution and to do forty hours of community service.

On December 6, 1982, the court approved Chase's plan of restitution which required Chase to pay ten percent of his net monthly income to the hotel immediately upon gaining employment. Chase soon after became gainfully employed and made regular payments toward the debt throughout his probationary period. On May 12, 1988, Chase was discharged from probation.

On November 8, 1988 (six months after the discharge from probation) the hotel filed an application to determine the status of restitution. Hearing was held before the same judge who had sentenced Chase and approved the restitution plan. On November 23, 1988, the court entered an order which directed continuation of the 1982 restitution plan. The court stated: "[I]t was not the intent of the court nor the understanding of the parties that the order of final discharge would affect the order of plan of restitution." On Chase's appeal our review is on error. Iowa R.App.P. 4.

I. There is some authority that a court's power to correct clerical errors may be exercised even after sentence is completed. Cf. Knefel v. People, 187 Ill. 212, 58 N.E. 388 (1900); Wilson v. Town of Handsboro, 99 Miss. 252, 54 So. 845 (1911). We assume without deciding that the trial court's November 23, 1988, order was a valid nunc pro tunc order showing what had been intended in the May 12, 1988, order. See State v. Walker, 304 N.W.2d 193, 196 (Iowa 1981) (nunc pro tunc order appropriate to "show now what was done then" but was omitted "due to a ministerial error or oversight").

II. Notwithstanding our lack of sympathy with Chase's plight we conclude that the order extending restitution exceeded the court's authority. Chase was ordered

to make restitution as a condition of probation under Iowa Code section 910.4. We think the legislature intended the powers granted under that section to be coterminous with probation. The court is given authority to enforce the restitution order by way of contempt or revocation of parole. The power is in many ways linked to probation.

For example, the first unnumbered paragraph of section 910.4, in granting enforcement powers, also authorizes extension of probation. There was no extension of probation in this case nor could there be. Section 910.4 then limits the authority to extend probation by stating: "However, if the period of probation is extended it shall not be for more than the maximum period of probation for the offense committed as provided in section 907.7." Chase's maximum period of probation under Iowa Code section 907.7 was the five years he had already completed.

Iowa Code chapter 910 (victim restitution) contains other provisions which disclose an intended linkage of restitution and probation. Iowa Code § 910.5(4) (restitution must be condition of parole); § 910.7 (petition to review restitution plan must be filed during probation, parole or incarceration).

We conclude that the legislature intended for restitution, as a criminal sanction, to occur only during authorized maximum probation. After that the obligations between the criminal and the victim are left for resolution by the civil courts.

The judgment of the trial court is reversed. The case is remanded for the entry of judgment in conformance with this opinion.

REVERSED AND REMANDED.