# IN THE COURT OF APPEALS OF IOWA

No. 17-0921
Filed June 6, 2018

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**RAAHSANN M. BROWN JR.,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

The defendant appeals the district court order entering judgment and sentence after his deferred judgment was revoked. **REVERSED AND REMANDED WITH DIRECTIONS.**

Eric D. Tindal of Keegan and Farnsworth, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., Vaitheswaran, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**CARR, Senior Judge.**

Raahsann Brown Jr. pled guilty to one count of possession of a controlled substance (marijuana), first offense. The district court granted him a deferred judgment. Brown appeals after the court revoked the deferred judgment and imposed judgment and sentence. He argues his constitutional rights were violated when the court entered the order revoking his deferred judgment.

**I. Background Facts and Proceedings.**

The State charged Brown with possession of a controlled substance on September 24, 2014. Brown entered a written guilty plea, waiving his presence at the guilty plea hearing and his right to file a motion in arrest of judgment in order to proceed to immediate sentencing. The district court accepted Brown's plea on October 22, 2014, but deferred entering judgment for a period of six months. The court placed Brown on unsupervised probation on the condition that Brown have "no further law violations" and "no further alcohol or drug related arrests," and pay "a civil penalty in the amount of $315 plus attorney's fees and any applicable costs and surcharges." The court established a payment plan and scheduled a review hearing for April 24, 2015, "to determine if [Brown] has completed all requirements of this sentence." The order stated that Brown "is required to personally appear," warning that "[f]ailure to appear can result in arrest." The following month, Brown's trial counsel withdrew as his attorney of record.

Brown did not appear at the April 24, 2015 review hearing, and no counsel appeared on Brown's behalf. In a written order filed the same day, the court found Brown failed to comply with the terms of his deferred judgment by failing to appear and by failing to pay "all monies owed." It issued a warrant for Brown's arrest.

Brown was served the arrest warrant on August 16, 2015. At his initial appearance, the court appointed Brown counsel and released Brown on his promise to appear at an August 21, 2015 hearing. Brown appeared with counsel at that hearing. In an order entered the same day, the court found Brown had "made some progress but need[ed] additional time to complete the terms of the deferred judgment." The court scheduled a review hearing for October 23, 2015, ordered Brown to complete eighty-six hours of community service, and scheduled a "court compliance appointment" on September 3, 2015. The Scott County Sheriff filed an "alternative sentencing community service report" on October 21, 2015, stating that Brown had failed to complete any of the ordered community service.

Brown again failed to appear at the review hearing on October 23, 2015. In a written order entered on the day of the hearing, the court found Brown failed to comply with the terms of his deferred judgment by failing to appear and failing to pay all monies owed. The order states, "IT IS HEARBY ORDERED that the Deferred Judgment is REVOKED. See separate sentencing order." However, no sentencing order appears in the record. The court also ordered a warrant to issue for Brown's arrest.

The arrest warrant was not served on Brown until July 2, 2016. On July 6, 2016, the court entered a written "order for continuance." The order states:

> The Court finds that there is good cause for continuing the above-captioned case upon Order of the Court and that it is in the interest of justice to continue the above-captioned matter.
> IT IS THEREFORE ORDERED that the above-captioned matter is continued as follows:
> Unsupervised Probation is scheduled on 07/08/2016 at 9:30 AM at the Scott County Courthouse, 400 W 4th St, Davenport IA 52801.

> Defendant did not appear but this is set for UP court for review to see if the cash bond which pays off the case is sufficient to discharge instead of issue warrant.

However, on July 7, 2016, the court entered an order stating Brown was "discharged from probation" and was "to continue making payments until paid in full."[1]

Nearly ten months later, on May 1, 2017, the court entered an order "to correct judgment entry," stating that Brown's case "was erroneously discharged as if it was an unsupervised probation rather than a deferred judgment review." In its order, the court noted the public defender's office was representing Brown "on a current new charge" and appointed the public defender's office to represent Brown at a review hearing scheduled for May 19, 2017. The court ordered the clerk of court to notify Brown of the hearing but noted the public defender's office "may have a more current address and are asked to notify [Brown] as well."

Brown did not appear at the May 19, 2017 review hearing. On the same day, the court entered a written order again revoking Brown's deferred judgment. In a separate order entering judgment, the court convicted Brown of possession of a controlled substance, sentenced Brown to 120 days in jail, suspended the sentence, and placed Brown on probation for one year.

Brown appeals, alleging the procedure utilized by the district court violated his due process rights.

---

[1] In the State's view, the court "reviewed the file and, apparently not realizing that Brown had not yet been sentenced, issued an order discharging Brown from probation and ordering him to continue to make payments until paid in full."

## II. Scope of Review.

Generally, we review cases involving the revocation of probation and deferred judgment for the correction of errors at law. *See* Iowa R. App. P. 6.907. However, when considering a constitutional challenge, our review is de novo. *See State v. Love*, 589 N.W.2d 49, 50 (Iowa 1998).

## III. Preservation of Error.

The State argues Brown failed to preserve error on his claims because they were not first raised in or decided by the district court. *See State v. Halliburton*, 539 N.W.2d 339, 342 (Iowa 1995). None of the hearings before the district court were reported. Our sparse record is limited to various orders. Therefore, we have no indication of whether Brown or his counsel raised these claims before the district court. Because the obligation to make the record of the probation violation hearing was on the district court, *see State v. Van Wie*, No. 13-0133, 2014 WL 69517, at *2 (Iowa Ct. App. Jan. 9, 2014), we address the merits of Brown's claim.

## IV. Discussion.

Deferred judgment is a sentencing option in which the court defers the adjudication of a defendant's guilt and imposition of a sentence. *See* Iowa Code § 907.1(1) (2015). If the defendant fulfills the conditions of probation and pays the fees imposed, the defendant is discharged without entry of judgment. *See id.* § 907.3(1)(c). If the defendant fails to comply with the court's conditions, the court may pronounce judgment and impose sentence, following the proceedings set forth in Iowa Code chapter 908. *See id.* §§ 907.1(1), 907.3(1)(b).

Under chapter 908, if there is probable cause to believe a defendant has violated the conditions of probation, the defendant may be arrested or summoned.

*See id.* § 908.11(1). The judge who placed the defendant on probation, if available, shall issue the arrest warrant and conduct the initial appearance and probable cause hearing. *See id.* § 908.11(2), (3). The court may, in its discretion, merge the initial appearance, probable cause hearing, and probation revocation hearing—or any of them—into a single hearing "when it appears that the alleged violator will not be prejudiced by the merger." *See id.* § 908.11(3). If a probation violation is established, the court has several options, including continuing the probation with or without alteration of its conditions and revoking the probation and imposing sentence. *See id.* § 908.11(4); *State v. Keutla*, 798 N.W.2d 731, 734 (Iowa 2011) (concluding that the court may choose only one of the four discrete options provided in section 908.11(4) when revoking a deferred judgment).

Probation revocation is a civil rather than a criminal proceeding. *See State v. Lillibridge*, 519 N.W.2d 82, 83 (Iowa 1994). Although the proceedings may be informal, probation revocation involves a serious loss of liberty and, therefore, the subject of the proceedings must be afforded due process. *See id.*; *see also Meyer v. Jones*, 696 N.W.2d 611, 614 (Iowa 2005) ("When a state action threatens to deprive a person of a protected liberty or property interest, a person is entitled to procedural due process."). Procedural due process requires notice and the opportunity for hearing appropriate to the nature of the case. *See* Iowa Code § 907.3(1)(b) (stating that the court must give the defendant "an opportunity to be heard on any matter relevant to the proposed action" before pronouncing judgment and sentence for failure to comply with the conditions for deferred judgment); *In re Estate of Borrego*, 490 N.W.2d 833, 837 (Iowa 1992). "Notice must be reasonably

calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Borrego*, 490 N.W.2d at 837.

The Supreme Court has set out the procedural due process that must be afforded to a defendant in a probation revocation proceeding. *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (listing the minimum requirements for procedural due process to be afforded a parolee at a parole revocation hearing); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (holding that "a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in *Morrissey v. Brewer*). These requirements include:

> (a) written notice of the claimed violations of [probation]; (b) disclosure . . . of evidence against [the defendant]; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body . . . ; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation].

*Morrissey*, 408 U.S. at 489; *see also State v. Dolan*, 496 N.W.2d 278, 279 (Iowa 1992) (noting "case law governing parole and probation revocations is useful in evaluating a deferred judgment revocation").

Brown argues the court's procedure violated his due process rights in four respects: (1) by providing insufficient notice of the alleged probation violations; (2) by providing insufficient notice of the hearing on the alleged violations; (3) by failing to provide him an opportunity to be heard on the merits; and (4) by failing to identify the basis of the violations in its order.

The district court entered two orders revoking Brown's deferred judgment: the first following the October 23, 2015 hearing and the second following the May

19, 2017 hearing. Brown argues he was denied procedural due process at both hearings. The State argues that the October 23, 2015 order is controlling and the May 19, 2017 hearing "was merely a redundant proceeding." In the State's view, the court revoked Brown's deferred judgment in October 2015 and therefore did not need to comply with procedural due process requirements for the May 19, 2017 hearing.

Typically, "a revocation proceeding is commenced with the filing in district court of an application for revocation." *State v. Jensen*, 378 N.W.2d 710, 713 (Iowa 1985). Apparently, because Brown was placed on unsupervised probation, no application for revocation was filed. Brown argues the scheduling of a review hearing provided insufficient notice that the court would consider revoking his deferred judgment. The State argues Brown received both written and oral notice of the court's intent to revoke his deferred judgment at his initial appearance on August 16, 2015, in the August 21, 2015 order, and in the community service report filed in October 2015.

Our only record of Brown's initial appearance on August 16, 2015, is the court's order entered the same day. The order states that Brown was appearing on the charge of "FTA-End of Deferred," that there was probable cause to believe Brown committed the offense, and that the court informed Brown of the nature of the charge and the maximum and minimum sentencing consequences of the charge. The order sets a hearing, stating, "Deferred Judgments are scheduled on 08/21/2015 . . . ."

Presumably, the charge of "FTA-end of deferred" listed in the initial appearance was meant to indicate the court was considering whether to revoke

Brown's deferred judgment for his failure to appear at the April 24, 2015 review hearing. However, the phrase "end of deferred" could also mean the court would discharge Brown for completing the terms of his probation. Ostensibly, the court discussed the charge at Brown's initial appearance. Unfortunately, all of the hearings in this case were unreported, and we are unable to determine whether the court thereby complied with the requirements set forth in *Morrissey*. *Cf. Rheuport v. State*, 238 N.W.2d 770, 775 (Iowa 1976) (holding statement of findings in support of probation revocation made in open court, made in the presence of the defendant, and recorded by a court reporter complied with *Morrissey* requirements).

Regardless, the court did not revoke Brown's deferred judgment following the August 21, 2015 hearing. Instead, it entered an order stating, "Defendant made some progress but needs additional time to complete the terms of the Deferred Judgment." It appears the court continued Brown's probation but altered the terms to require Brown to complete eighty-six hours of community service. *See* Iowa Code § 908.11(4). The order does not state a deadline for completion. The order then sets "a hearing on Deferred Judgments" for October 23, 2015.

Again, nothing in the August 21, 2015 order states that the court would consider revoking Brown's deferred judgment at the hearing scheduled for October 23, 2015. At the time the October 23, 2015 hearing was scheduled, Brown had not done anything to warrant revocation. The next filing in this case occurred on October 21, 2015, when the sheriff filed a report with the district court. The report states that Brown had not performed any hours of community service. The record contains no other filings indicating the court would consider revoking Brown's

deferred judgment at the October 23, 2015 hearing. Because Brown was not provided adequate notice that revocation would be considered at the hearing, the October 23, 2015 order revoking Brown's deferred judgment violated Brown's due process. *See* Iowa Code § 907.3(2)(b) ("Upon a showing that the defendant is not fulfilling the conditions of probation, the court may revoke probation and impose any sentence authorized by law. Before taking such action, the court shall give the defendant an opportunity to be heard on any matter relevant to the proposed action.").

The court did not enter judgment of conviction or impose sentence on October 23, 2015. Instead, the court issued an arrest warrant, the same procedure used when Brown failed to appear at the April 24, 2015 hearing. The record contains no initial appearance following Brown's arrest on July 2, 2016. The court entered a continuance on July 6, 2016, scheduling a hearing for July 8, 2016. However, before that hearing was held, the court entered its July 7, 2016 order, which discharged Brown from probation. Although the court later entered an order to correct that judgment, it had no power to do so. The corrected order was entered on May 1, 2017, more than two years after the court entered a deferred judgment on Brown's possession charge and ordered him to unsupervised probation. Iowa Code section 907.7 states that the length of the probation shall not exceed two years if the offense is a misdemeanor. In order to retain jurisdiction beyond the probation period, a motion to revoke probation must be filed before its expiration. *See Jensen*, 378 N.W.2d at 712; *see also Barker v. State*, 479 N.W.2d 275, 278 (Iowa 1991) ("We have held that where . . . the application to revoke probation is filed during the probation period, the district court retains jurisdiction to conduct a

hearing and revoke the probation even after the original probation period has expired."). No motion to revoke probation was ever filed prior to the expiration of Brown's probation on October 22, 2016. Because the court did not retain jurisdiction beyond the probation period, any order entered after its expiration had no effect. *See State v. Chase*, 451 N.W.2d 493, 494-95 (Iowa 1990) (holding that even if the court entered a valid nunc pro tunc order to correct a clerical error in discharging the defendant from probation, the court was without power to do so where the defendant had served the maximum period for probation).

We reverse the judgment and sentence entered on Brown's conviction. We remand to the district court for entry of an order discharging Brown from probation and vacating the conviction and sentence imposed.

**REVERSED AND REMANDED WITH DIRECTIONS.**