# IN THE COURT OF APPEALS OF IOWA

No. 20-0915
Filed October 6, 2021


**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**KEVIN JEROME ARNOLD,**
　　　Defendant-Appellant.
_____


　　　Appeal from the Iowa District Court for Black Hawk County, Joel Dalrymple, Judge.


　　　The defendant appeals the district court's denial of a motion for discharge from probation. **REVERSED AND REMANDED.**


　　　Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.


　　　Heard by Greer, P.J., Badding, J., and Doyle, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**BADDING, Judge.**

The novel issue presented in this appeal is whether the district court abused its discretion in denying Kevin Arnold's motion to discharge his probation ten years after the period of probation expired. Because we find the district court failed to exercise its discretion in summarily denying the motion, we reverse and remand for further proceedings.

## I. Background Facts and Proceedings

On January 20, 2005, Kevin Arnold was convicted of three counts of credit card forgery, one of which was a felony. He received suspended prison sentences and was placed on probation to the department of correctional services for two to five years. In a different case, Arnold was convicted of child endangerment on March 18, 2005. He again received a suspended prison sentence and was placed on probation for two years.

A report of violation was filed in both cases in September 2005 and arrest warrants were issued. Upon return of the warrants, Arnold's probation was modified to require him to remain at a residential correctional facility until maximum benefits were received. He was discharged from the facility in January 2006.

In April 2006, Arnold's probation officer filed another report of violation in both cases. Arrest warrants were issued the same day the report was filed. Nothing further happened in either case until May 2020 when Arnold entered into a payment plan with the county attorney's office for outstanding court debt.

After doing so, Arnold filed a motion for discharge from probation. He argued that because

no application for revocation of Defendant's probation has ever been filed by the State prior to its expiration, and a payment plan has been established with the county attorney for the unpaid court debt, Defendant is unequivocally entitled to the order of discharge that he seeks in this motion. In addition, in light of the foregoing, it is further requested that the outstanding arrest warrants be recalled and quashed forthwith.

The district court summarily denied the motion.

Arnold sought discretionary review of this ruling. The State filed a resistance, following which the Iowa Supreme Court entered an order finding Arnold has a right to appeal pursuant to *State v. Pierce*, No. 07-0496, 2008 WL 2039314, at *1 (Iowa Ct. App. May 14, 2008) and treating the application for discretionary review as a notice of appeal. *See* Iowa R. App. P. 6.703(2)(a)(2).

On appeal, Arnold characterizes his motion for discharge from probation as a challenge to an illegal sentence. He argues that "after the term of probation has expired, the court has no authority to extend the probation—the court must discharge the person from probation." By failing to do so, Arnold contends the court "effectively extend[ed] his probation indefinitely." Arnold also raises a due process claim, asserting the "State's nearly fifteen-year-delay in prosecuting Arnold's alleged probation violation and executing the arrest warrant—continuing Arnold's probation ten years past its expiration—is a violation of Arnold's due process rights." In the alternative, Arnold argues "it was an abuse of discretion to summarily deny Arnold's motion under the circumstances."

The State initially responds by questioning the district court's jurisdiction to address the motion for discharge. The State's main argument, however, is that discharge from probation is not mandatory as Arnold suggests and that "[p]ractically speaking, the defendant is no longer on probation so a discharge

order was unnecessary." The State finally argues that Arnold failed to preserve error on his due process claim, which it contends fails on its merits because Arnold's probation was not extended by the district court's denial of his motion.

## II. Scope and Standards of Review

The parties agree that a defendant's sentence is reviewed for the correction of errors at law, while challenges to specific probation conditions, probation duration, or a request to be discharged from probation are reviewed for an abuse of discretion. *Pierce*, 2008 WL 2039314, at *2. "The district court has broad discretion in probation matters and 'our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds.'" *Id.* (quoting *State v. Valin*, 724 N.W.2d 440, 445 (Iowa 2006)). Our review of alleged violations of constitutional rights is de novo. *Barker v. State*, 479 N.W.2d 275, 278 (Iowa 1991).

## III. Analysis

### A. Jurisdiction

Before addressing the merits of Arnold's claims, we must first determine the nature of our appellate jurisdiction. Arnold asserts the district court's denial of his motion for discharge from probation is equivalent to an indefinite extension of his probation. Under the statutes in effect when Arnold's crimes were committed,[1] the district court did not have the power to extend the period of probation once it was

---

[1] The General Assembly has since amended Iowa Code sections 907.7(1), 908.11(4), and 910.4(1)(b) (2020) "to authorize courts expressly, in the event of probation violations, to 'extend the term of probation for up to one year.'" *Harris*, 2010 WL 2925704, at *4 n.3 (quoting 2010 Iowa Acts ch. 1175). Those amendments, however, were not retrospective and apply only to criminal offenses committed on or after July 1, 2010.

set. *State v. Harris*, No. 09-1242, 2010 WL 2925704, at *3-4 (Iowa Ct. App. July 28, 2010); *accord State v. Chase*, 451 N.W.2d 493, 494-95 (Iowa 1990). Thus, Arnold argues, his challenge to the district court's order denying his motion to discharge probation is a challenge to an illegal sentence. *See State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010) ("A challenge to an illegal sentence 'includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently legally flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional.'" (citation omitted)).

The State does not disagree with Arnold's characterization of his appeal as one challenging an illegal sentence but instead argues, contrary to the Iowa Supreme Court's order on the issue, that we do not have jurisdiction to consider the appeal as a matter of right. *See State v. Propps*, 897 N.W.2d 91, 96-97 (Iowa 2017) (noting a defendant may appeal the denial of a motion to correct an illegal sentence by applying for discretionary review or petitioning for writ of certiorari). We part ways with both Arnold and the State.

It's true that in *Harris*, we characterized a defendant's challenge to the district court's statutory authority to extend probation as a challenge to the legality of the sentence imposed. 2010 WL 2925704, at *2. But Arnold's proposition that the district court extended the length of his probation by denying his motion for discharge is flawed. First, there is nothing in the district court's order stating that Arnold's probation was extended. Instead, the court simply denied the motion for discharge. Second, there is a difference between being discharged from probation

and having the probation period expire, as recognized by our supreme court in *State v. Jensen*, 378 N.W.2d 710, 711 (Iowa 1985).

In discussing Iowa Code section 907.9(4),[2] which governs discharge from probation, the court in *Jensen* found "that a probationer is not discharged automatically at the end of the probation period. An order of discharge is required." 378 N.W.2d at 711. The court rejected the defendant's argument that discharge "is mandatory when the period has expired." *Id.* Focusing on the purpose of probation, which is to provide the maximum opportunity for the rehabilitation of the defendant while protecting the community from further offenses, the *Jensen* court reasoned that "the legislature conditioned the defendant's right to discharge from probation at the conclusion of the period on its successful fulfillment." *Id.* at 712.

This is borne out by the language of section 907.9(4)(a) itself, which conditions discharge from probation at the end of the probation period upon the payment of fees:

> At the expiration of the period of probation if the fees imposed under section 905.14 and court debt collected pursuant to section 602.8107 have been paid, the court shall order the discharge of the person from probation. If portions of the court debt remain unpaid, the person shall establish a payment plan with the clerk of the district court or the county attorney prior to the discharge. The court shall forward to the governor a recommendation for or against restoration of citizenship rights to that person upon discharge. A person who has been discharged from probation shall no longer be held to answer for the person's offense.

---

[2] The parties do not agree on which code year to use. Arnold cites the version of Iowa Code section 907.9(4) applicable when he was sentenced; the State cites the current version. Because the amendments to section 907.9(4) do not affect our analysis, we will use the current version of the code. *See, e,g.*, *State v. Edouard*, 854 N.W.2d 421, 426 n.1 (Iowa 2014) *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 (Iowa 2016).

If discharge from probation was automatic at the end of the probation term, there would be no need for requiring fees to be paid. *See State v. Schweitzer*, 646 N.W.2d 117, 120 (Iowa Ct. App. 2002) ("A statute should be construed so that effect will be given to all of its provisions, and no part is superfluous or void."). The distinction between expiration of probation and discharge from probation is carried through in section 910.4(1)(b)(1), which provides that *"[a]fter discharge from probation or after the expiration of the period of probation* . . . the failure of an offender to comply with the plan of restitution ordered by the court shall constitute contempt of court." (Emphasis added.) It is thus possible under our statutes and applicable case law for a period of probation to expire but no discharge to result. A denial of a motion for discharge after the term of probation has expired is thus not equivalent to an extension of probation.

Because the district court's order denying Arnold's motion to discharge his probation did not extend the period of his probation, Arnold's challenge to that order does not involve a challenge to an illegal sentence. We will accordingly treat Arnold's application for discretionary review as a notice of appeal as ordered by our supreme court. We next consider whether the district court had jurisdiction[3] to address Arnold's motion for discharge from probation after the probation period

---

[3] Like the cases that have touched on this issue, we are using jurisdiction in the sense of authority, rather than subject matter jurisdiction. "Iowa Code chapter 907 clearly confers jurisdiction on the district court to hear cases concerning probation issues generally." *State v. Mandicino*, 509 N.W.2d 481, 482 (Iowa 1993). A court may, however, "have subject matter jurisdiction but for one reason or another may not be able to entertain a particular case." *Id.* This is referred to as either "lack of authority" or "lack of jurisdiction of the case." *See State v. Wiederien*, 709 N.W.2d 538, 540 (Iowa 2006).

expired. The State equivocates on this point, arguing the district court "might have lacked jurisdiction to decide the motion."

It is clear from our appellate cases that the district court loses jurisdiction to revoke probation after the period of probation expires if proceedings to revoke probation are not filed before its expiration. *See Jensen*, 378 N.W.2d at 712; *Barker*, 479 N.W.2d at 278; *State v. Brown*, No. 17-0921, 2018 WL 2727728, at *5 (Iowa Ct. App. June 6, 2018). What is not clear is whether that also means the district court loses jurisdiction to discharge a probationer under Iowa Code section 907.9(4)(a) after the probation period ends, as the State contends in asserting that "if the district court lacked jurisdiction over the case, it could neither grant nor deny the motion to discharge because any order would have 'no effect.'" This is a question we need not decide because we find that proceedings to revoke Arnold's probation were commenced before the end of his probation period, contrary to both parties' arguments otherwise.

On April 19, 2006, before either of Arnold's two probation periods expired, the department of correctional services filed a report of violation in both of Arnold's cases. Warrants for Arnold's arrest were issued the same day. Arnold argues the report of violation by itself was not sufficient to commence probation revocation proceedings. Instead, according to Arnold, the State was required to file applications to revoke Arnold's probation. We disagree.

Iowa Code section 908.11(1) states that in order to commence a probation revocation proceeding, a "probation officer or the judicial district department of correctional services having probable cause to believe that any person released on probation has violated the conditions of probation shall proceed by arrest or

summons as in the case of a parole violation." Nothing in this provision, or chapter 908 as a whole, requires the State to file an application to revoke probation after the department of correctional services files a report of violation. Indeed, Arnold's first probation revocation proceedings in September 2005 proceeded to disposition with just the filing of the reports of violation and issuance of arrest warrants.

We recognize there is some confusion in cases touching on this subject. In *Jensen*, 378 N.W.2d at 713, where there was an application to revoke probation filed by the State, the Iowa Supreme Court stated in dicta "that a revocation proceeding is commenced with the filing in district court of an application for revocation." The court in *Barker*, 479 N.W.2d at 277-78, relied on this dicta from *Jensen* in determining the district court retained jurisdiction to revoke the defendant's probation where only a report of violation had been filed along with a warrant for the probationer's arrest, without discussing whether there is any difference between an application to revoke probation and a report of violation. We find this case presents the same scenario as *Barker*—the filing of the report of probation violation and issuance of arrest warrants before Arnold's probation expired were sufficient to allow the district court to retain jurisdiction to address Arnold's motion to discharge his probation.

Anticipating this conclusion, Arnold argues that the district court's refusal to discharge his probation violated his state and federal due process rights because "[a]fter an extended period of time, the State's failure to execute an arrest warrant or prosecute charges becomes unreasonable and implicates a defendant's due process rights." The State argues Arnold did not preserve error on this issue because it was not raised in nor decided by the district court. We agree. *See*

*State v. Mulvany*, 600 N.W.2d 291, 293 (Iowa 1999) ("[W]e require error preservation even on constitutional issues.").

### C. Discharge from Probation

Arnold is left with his claim that the district court abused its discretion in denying his motion for discharge from probation. On this point, we conclude Arnold is correct.

"A failure to exercise discretion is an abuse of discretion." *IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 631 (Iowa 2000). The district court did not provide any reasons for its summary denial of Arnold's motion to discharge his probation. Nor did it address whether the conditions required by Iowa Code section 907.9(4)(a) had been met. As our supreme court explained in *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979):

> There are many instances in which the Supreme Court and other courts are required to exercise discretion. Any such determination has long been recognized as requiring an actual exercise of judgment upon the part of the court. To do so necessitates a consideration by the court of the facts and circumstances which are necessary to make a sound, fair and just determination.

(Citation omitted.) We cannot engage in this discretionary exercise ourselves. *See Sullivan v. Chicago & N.W. Transp. Co.*, 326 N.W.2d 320, 328 (Iowa 1982) ("A refusal or failure to exercise discretion will not be affirmed by demonstrating that the result reached could have been the same upon the exercise of the withheld discretion.").

### III. Conclusion

We reverse the district court's order denying Arnold's motion for discharge and remand this matter to the district court. On remand, the district court is directed

to determine whether Arnold's probation should be discharged under Iowa Code section 907.9(4)(a). The court is additionally directed to enter an order recalling the warrants for Arnold's arrest given the State's concession at oral arguments that the warrants should be recalled.

**REVERSED AND REMANDED.**